**FILED**

NOV 2 6 2012

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
                          )
           Plaintiff,     )   **UNDER SEAL**
                          )
v.                        )   Case No._____
                          )
THE SUM OF $70,990,605 HELD IN )
ACCOUNT NUMBER 050210000527810, )
IN THE NAME OF HIKMAT SHADMAN )
LOGISTICS SERVICES COMPANY, )
LOCATED AT AFGHANISTAN )
INTERNATIONAL BANK, )
SHAHR-E-NAW, HAJI YAQOOB )   Case: 1:12-cv-01905
SQUARE, SHAHABUDIN WATT, )   Assigned To : Roberts, Richard W.
P.O. BOX 2074, KABUL, AFGHANISTAN, AND ) Assign. Date : 11/26/2012
ALL INTEREST, BENEFITS OR ASSETS )   Description: General Civil
TRACEABLE THERETO; )
                          )
and                       )
                          )
THE SUM OF $6,930,000 HELD IN )
ACCOUNT NUMBER 050210001288613, )
IN THE NAME OF FAIZY ELHAM )
BROTHERS, LTD., LOCATED AT )
AFGHANISTAN INTERNATIONAL BANK, )
SHAHR-E-NAW, HAJI YAQOOB )
SQUARE, SHAHABUDIN WATT, )
P.O. BOX 2074, KABUL, AFGHANISTAN, AND )
ALL INTEREST, BENEFITS OR ASSETS )
TRACEABLE THERETO; )
                          )
           Defendants.    )

### MOTION TO SEAL VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States, by and through its undersigned attorneys, respectfully submits this Motion to Seal, and states that the Verified Complaint for Forfeiture *In Rem* in this matter contains sensitive law enforcement information regarding an ongoing investigation by the Special Inspector General for Afghanistan Reconstruction, the Defense Criminal Investigative

1

Service, the United States Department of Justice, and others. If such information were made public at this time, it could impede the ongoing investigation by alerting persons suspected and convicted of engaging in criminal conduct of law enforcement activity and information known to law enforcement. Such premature public disclosure could compromise the ongoing investigation, cause the suspects and defendants to move their ill-gotten gains, and could further undermine the development of evidence in this matter.

The D.C. Circuit has held that a valid justification for the sealing of court documents exists when the government is trying to avoid compromising an ongoing criminal investigation. *See Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (acknowledging the need to seal court documents to avoid interfering with an ongoing investigation by special counsel). Federal Courts are empowered to seal documents in appropriate circumstances. *Cf.* Fed. R. Crim. P. 6(e)(4) (sealing of indictments); Fed. R. Civ. P. 26(c)(1) (sealing discovery to avoid embarrassment); Fed. R. Civ. P. 5 (granting federal courts supervisory power over pleadings). The Supreme Court has noted that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978). Accordingly, the Court has the power and authority to seal the filings in this case.

In this matter, the United States has a compelling interest in assuring the availability for forfeiture of funds that derive from criminal activity, and seeks to vindicate that interest by applying for arrest warrants *in rem*, as authorized by statute. Thus, the government submits that a sealing order keeping the Verified Complaint for Forfeiture *In Rem* in this matter from being

available in the Court's public files is narrowly tailored to serve a compelling government interest.

Further, the United States respectfully submits that complying with the normal notice requirements of *Washington Post, supra*, 290 U.S. App. D.C. at 122-124, 935 F.2d at 288-290, would defeat the purpose of the motion to seal. The rationale set forth above applies to this motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal a verified complaint for forfeiture *in rem,* or a resulting sealing order means that the government intends to seize the property. This itself can encourage the property's transfer to a concealed place or its dissipation so that it is unavailable for forfeiture. Thus, if this motion to seal or a sealing order were to become public, it would be the same as making public the plan to seize the property. Therefore, complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Consequently, this motion also asks the Court (1) to delay entry on the public docket of the filing of this Motion to Seal and Order of the Court; (2) to decide that no hearing on this motion is needed; and (3) not to make this motion, nor any order granting it, a part of the public record until further order of the Court.

WHEREFORE, the United States respectfully requests that this Court issue an Order sealing the Verified Complaint for Forfeiture *In Rem*, and all supporting documents related to this matter, until further order of this Court.

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND MONEY
LAUNDERING SECTION

Date: November 20, 2012          By: /s/ Daniel H. Claman
                                 DANIEL H. CLAMAN,
                                 Assistant Deputy Chief

ELIZABETH A. ALOI
Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Avenue, N.W., 9th Floor
Washington, D.C. 20530
Tel: (202) 514-1263
Fax: (202) 514-5522

Attorneys for Applicant
UNITED STATES OF AMERICA