**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,                ) | |
| )  | |
| **Plaintiff,**                ) | |
| )  | |
| v.                ) | Case No. 12-cv-01905 (RWR) |
| )  | |
| ALL FUNDS HELD BY OR FOR THE BENEFIT  ) | |
| OF AFGHANISTAN INTERNATIONAL BANK   ) | |
| AT STANDARD CHARTERED BANK, NEW       ) | |
| YORK, OF AN AMOUNT UP TO, BUT NOT TO ) | |
| EXCEED, $10,100,000 OF THE TOTAL SUM     ) | |
| OF ANY FUNDS HELD IN ANY ACCOUNT      ) | |
| AT AFGHANISTAN INTERNATIONAL BANK  ) | |
| CONTROLLED BY OR FOR THE BENEFIT OF  ) | |
| HIKMATULLAH SHADMAN INCLUDING,       ) | |
| BUT NOT LIMITED TO, ACCOUNT NUMBER ) | |
| 050210000527810, IN THE NAME OF HIKMAT  ) | |
| SHADMAN LOGISTICS SERVICES COMPANY, ) | |
| ACCOUNT NUMBER 050210001288613, IN         ) | |
| THE NAME OF FAIZY ELHAM                            ) | |
| BROTHERS, LTD., AND ACCOUNT NUMBER ) | |
| 05021020014251115 IN THE NAME OF              ) | |
| EVEREST FAIZY LOGISTICS SERVICES,         ) | |
| *ET AL.*,                ) | |
| )  | |
| **Defendants** *in rem*.                ) | |
| _____  ) | |

**UNITED STATES' OPPOSITION TO CLAIMANTS' REQUEST FOR STATUS
CONFERENCE, AND MOTION FOR PROTECTIVE AND PRESERVATION ORDERS**

The Plaintiff, United States of America, by and through its undersigned counsel, respectfully urges the Court to deny the putative Claimants' Request for Status Conference and Motion for Protective and Preservation Orders (ECF No. 29). The burden is on Claimants to put forward legal and factual support for the relief they seek - they have done neither. Moreover, even if there were such support, the relief sought by Claimants is premature because Claimants have not yet established standing to challenge this forfeiture action. Finally, Claimants have failed to confer with the United States as required by Rule 26(c) of the Federal Rules of Civil

1

Procedure and Rules 7(m) and 16.3 of the District of Columbia Local Civil Rules. Indeed Claimants have not even propounded discovery to the United States and fail to establish a basis for a protective order under Fed. R. Civ. P. 26(c).

## I. Background

This is a civil action *in rem* for the forfeiture of funds traceable to a wire fraud conspiracy pursuant to 18 U.S.C. §§ 981(a)(1)(C), 984 and 981(k). Civil forfeiture actions are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). 18 U.S.C. § 983(a)(3)(A). Consistent with Rule G(5)(b) of the Supplemental Rules, the Claimants filed a timely Motion to Dismiss (ECF No. 28) on September 16, 2013, simultaneous with the Claimants' Request for Status Conference and Motion for Protective and Preservation Orders (ECF No. 29) and a Motion for the Release of Seized Funds Pursuant to 18 U.S.C. § 983(f) (ECF No. 27). All three Motions remain pending.

## II.   Statement of Points and Authorities

The putative Claimants[1] have asked for a status conference to seek the following (ECF No. 29, ¶12):

> 1. An Order granting protection for U.S. Special Forces witnesses and requiring any interrogation relating to the facts alleged in this case by either party be conducted under Court supervision with counsel for both parties present.
>
> 2. A government-wide Order requiring the U.S. Government to gather and preserve any evidence in its possession relating to the facts alleged in this case, including any evidence in any form referenced in pleadings by Claimants, at a central location in Washington, D.C., and that it grant undersigned counsel access for inspection and copying of same.
>
> 3. A Protective Order regarding the taking and preservation of testimony and evidence that may impact National Security or contain classified information.

---

[1] In the Claimants' Motion (ECF No. 29), Hikmat Shadman Logistics Services Company, Hikmat Shadman General Trading, LLC, Faizy Elham Brothers, Ltd., and Everest Faizy Logistics Services are erroneously identified as claimants. These corporate entities have not filed a claim in this forfeiture action.

In their motion, the Claimants have put forward no legal authority to support their request. Not only is such required by Federal Rule of Civil Procedure 7(b)(1)(B) and Local Civil Rule 7(a), but the lack of authority - especially when seeking such unusual and sweeping relief - speaks volumes about the merits of the request. Indeed, even if there were legal or factual support for the relief sought by Claimants, the request is premature. The Claimants have not yet established standing to even participate in this proceeding, much less the factual or legal basis supporting the motion before the court. Moreover, Claimants have made no attempt to gather whatever information they seek through the normal process of propounding discovery to the government.

### A. The Claimants' Motion Should be Denied because the Claimants Fail to State a Single Ground to Support the Requested Relief

Fed R. Civ. P 7(b)(1) requires that a motion to the Court state with particularity the grounds in support of the motion, in addition to the relief or order sought. The standard for "particularity" has been determined to mean "reasonable specification." *See Martinez v. Trainor*, 556 F.2d 818, 819-820 (7th Cir. 1977) citing Moore's Federal Practice, para. 7.05, at 1543 (3d ed. 1975). This standard is meant to be "real and substantial." *Steingut v. Nat'l City Bank*, 36 F. Supp. 486, 487 (D.N.Y. 1941). It requires at least "one ground" to support the requested relief. *Martinez* at 820. When, as here, a party has failed to meet even this minimum threshold, relief should be denied. The Claimants support their Motion, not with law, but with a laundry list of completely unsupported accusations masked as questions for the Special Inspector General for Afghanistan Reconstruction. If, as discussed below, the Claimants establish standing to contest this forfeiture action, the civil discovery process will afford the Claimants the opportunity to have their relevant questions answered, to the extent any of these unsubstantiated allegations so qualify.

**B. The Claimants' Motion Should be Denied because the Claimants have not Yet Established Standing to Challenge this Forfeiture Action**

The Claimants' first and third requests seek to set the parameters for future testimony, and the Claimants' second request seeks immediate access to evidence that has been or will be collected by the United States. These are issues properly adjudicated once civil discovery has commenced. As discussed below, civil discovery should commence only after the Claimants have responded to the Government's Supplemental Rule G(6) Special Interrogatories, which is a precursor to establishing standing to contest this civil forfeiture action. The Claimants must establish both statutory and constitutional standing as to each defendant asset in order to challenge the forfeiture of the assets in this *in rem* proceeding.

The burden is on the Claimants to establish standing. *See Lopez v. United States*, 2006 U.S. Dist. LEXIS 69113 (D.D.C. Sept. 26, 2006) (citing *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) for the proposition that claimants bear the burden of establishing both statutory and constitutional standing in order to contest a forfeiture). Establishing standing requires that the Claimants demonstrate "a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 2013 U.S. Dist. LEXIS 112988, 36-37 (D.D.C. Aug. 12, 2013) *citing United States v. Real Property Located at 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008). Although Hikmatullah Shadman, Rohullah and Najibullah have each stated an interest in certain portions of the defendant assets (ECF No. 24, ¶¶ 23-25, ECF No. 27, ¶ 48), in the forfeiture context it is settled law that "possession of bare legal title by one who does not exercise dominion and control over the property is insufficient to establish standing to challenge a forfeiture." *United States v. Real Property & Improvements Located at 5000 Palmetto Drive,* 928 F.2d 373, 375 (11th Cir. 1991) (citing *United States v. A Single Family*

*Residence and Real Property Located at 900 Rio Vista Blvd.,* 803 F.2d 625, 630 (11th Cir. 1986)). *See also, United States v. All Assets Held at Bank Julius Baer & Co.,* Ltd., 2013 U.S. Dist. LEXIS 112988, 67-68 (D.D.C. Aug. 12, 2013) ("Courts do not regard nominees as 'a true owner of an interest in the property' and on that basis frequently deny them standing to contest forfeitures).

Supplemental Rule G(6) permits the United States to issue special interrogatories to claimants early in a forfeiture proceeding. The purpose of such special interrogatories is to allow the government to gather information that bears on a claimant's standing. *United States v. All Assets Held at Bank Julius Baer & Co., Ltd*., 2013 U.S. Dist. LEXIS 112988 (D.D.C. Aug. 12, 2013) (citing John K. Rabiej, *Supplemental Rule G Governing Pretrial Procedures in Forfeiture in Rem Actions*, Prac. Litig., May 2008, at 51 for the proposition that the government has an early right to scrutinize and challenge the claimant's asserted property interest before the Court considers the claimant's motion to dismiss the government's complaint.).

Hikmatullah Shadman, Rohullah and Najibullah were properly served with special interrogatories on September 30, 2013, and have not yet responded to them. *See United States v. Approximately $658,830.00 in U.S. Currency,* 2011 WL 5241311, (E.D. Cal. Oct. 31, 2011) (the United States may serve special interrogatories any time after the claimant files a claim without waiting for the court to enter a scheduling order). If, after reviewing the Claimants' response to the special interrogatories, the United States believes the Claimants have not met their burden, the United States may move to strike their Claim for lack of standing under Supplemental Rule G(8)(c)(i)(B). *United States v. Approximately $750,000 in U.S. Currency,* 2011 WL 6155687, *2-3(S.D.N.Y. Dec. 8, 2011) (denying motion to dismiss as premature because Government need not respond to it until 21 days after claimant answers special interrogatories, and because

claimant's responses may provide a basis for the Government to challenge standing). Accordingly, the Claimants' requests regarding the scope of civil discovery are not timely until the Claimants have responded to the special interrogatories. *See United States v. $104,250.00 in U.S. Currency,* ___ F. Supp.2d ___, 2013 WL 2357787 (D. Md. May 29, 2013) ("the claimant must respond to the special interrogatories, and the court must determine whether the claimant has standing to contest the forfeiture, before the court addresses any other issue that the claimant may raise."); *United States v. 14,800.00 in U.S. Currency,* 2012 WL 4521371, *3 (D. Md. Sept. 28, 2012) (holding that "standing is a threshold issue that must be resolved before addressing an asset forfeiture claim").

Further, even if the Claimants had already responded to the special interrogatories, and standing had been established, discovery should be postponed while the Claimants' Motion to Dismiss (ECF No. 28) is pending. *Wada v. United States Secret Serv.*, 25 F. Supp. 2d 1, 11 (D.D.C. 2007) (Finding discovery premature when "this Court has not held an initial scheduling conference because of the pending motions to dismiss.").

### C.  Claimants' Motion Should be Denied Because They Have Not Conferred with the Justice Department as Required By LCvR 7(m), LCvR 16.3 and Rule 26(c)

Local Civil Rule 7(m) requires counsel for the Claimants to discuss nondispositive motions with opposing counsel in a good-faith effort to determine whether there is opposition to the relief sought.  The Claimants' Motion is nondispositive, and was not discussed with the United States before it was filed. Similarly, Local Civil Rule 16.3 requires "parties to meet at least twenty-one (21) days before a scheduling conference is held or a scheduling order is due to the Court."   The purpose of the meeting is to develop a discovery plan that indicates the "parties' views and proposals" – the very matters presented in the Claimants' Motion.  The

parties have not met, nor has a scheduling conference been scheduled.[2] Accordingly, the Claimants' Motion requesting three orders in connection with the scope of discovery is premature and should be denied.[3]

In addition, since at least 1993, Fed. R. Civ. P. 26(c) has required that a party seeking a protective order must in their motion, "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1), advisory committee notes.  This common sense rule appears to recognize the notion that discovery disputes are particularly suitable for clarification between parties prior to Court intervention. Claimants did not confer or attempt to confer with the United States before filling their motion, nor is the Claimants' Motion accompanied by the required certification.

**D. The Claimants' Motion Must be Denied Because The Claimants Did Not Seek a Protective Order Consistent with Rule 26(c)**

The Claimants, without legal or factual justification, have requested an overly broad protective order, "regarding the taking and preservation of testimony and evidence that may impact National Security or contain classified information" (ECF No. 29 at 9).  Federal Rule of Civil Procedure 26(c)(1) states: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed R. Civ. P. 26(c)(1). Thus, this Court may issue a protective order upon motion of a party, so long as the party seeking the protective order is one "from whom discovery is sought."  Because Claimants have not sought discovery in this matter, Claimants' request is untimely.

---

[2] Although the Federal Rules of Civil Procedure except civil forfeiture actions from those subject to the requirements of a discovery conference under Fed. R. Civ. P. 26(f), the local rules do not.  LCvR 16.3(b).
[3] Further, controlling precedent would indicate that the Claimants' requests are frivolous. *See, e.g., Hickman v Taylor,* 329 US 495 (1947) (superseded by statute on other grounds) ("Counsel may not, as matter of right, inspect copies of all written statements of witnesses secured by adversary counsel.").

Finally, even if a motion for a protective order were timely and properly certified, protective orders designed to place restrictions on discovery should not be issued unless a party seeking such order makes a particularized showing of good cause; conclusory generalizations of pleadings and supporting affidavits are not sufficient. *United States v Exxon Corp.*, 94 FRD 250 (D.D.C. 1981) ("To establish good cause under Rule 26(c) the courts have generally required a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements…")." *See also, Serrano v Cintas Corp.*, 699 F3d 884 (6th Cir. 2012) ("To justify protective order, one of Fed. R. Civ. P. 26(c)(1)'s enumerated harms must be illustrated with particular and specific demonstration of fact"). In their Motion, the putative Claimants' do not state with any particularity why a protective order is necessary.[4] Accordingly, the Claimants have failed to demonstrate the good cause necessary for the Court to issue the broad protective order the Claimants' request.

### III.    Conclusion

For the reasons set forth above, the putative Claimants' motion should be denied.

---

[4] In fact, the United States does not intend to utilize testimony or evidence that may impact National Security or contain classified information to prove its case.

Respectfully submitted,
JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION


/s/ Elizabeth A. Aloi
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2013, I caused a copy of the foregoing United States' Opposition to Claimants' Request for Status Conference, and Motion for Protective and Preservation Orders to be served via the Court's CM/ECF system.

>*/s/ Elizabeth Aloi*
>Elizabeth A. Aloi
>Trial Attorney
>U.S. Department of Justice
>Criminal Division
>1400 New York Ave., NW, Ste. 10100
>Washington, DC 20005
>(202) 598-2525