**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                    )<br>            **Plaintiff,**                                     )<br>                                                                    )<br>       v.                                                          )<br>                                                                    )<br>ALL FUNDS HELD BY OR FOR THE BENEFIT )<br>OF AFGHANISTAN INTERNATIONAL BANK  )<br>AT STANDARD CHARTERED BANK, NEW      )<br>YORK, OF AN AMOUNT UP TO, BUT NOT TO  )<br>EXCEED, $10,100,000 OF THE TOTAL SUM     )<br>OF ANY FUNDS HELD IN ANY ACCOUNT       )<br>AT AFGHANISTAN INTERNATIONAL BANK  )<br>CONTROLLED BY OR FOR THE BENEFIT OF   )<br>HIKMATULLAH SHADMAN INCLUDING,        )<br>BUT NOT LIMITED TO, ACCOUNT NUMBER )<br>050210000527810, IN THE NAME OF HIKMAT )<br>SHADMAN LOGISTICS SERVICES COMPANY, )<br>ACCOUNT NUMBER 050210001288613, IN       )<br>THE NAME OF FAIZY ELHAM                         )<br>BROTHERS, LTD., AND ACCOUNT NUMBER )<br>05021020014251115 IN THE NAME OF            )<br>EVEREST FAIZY LOGISTICS SERVICES,        )<br>*ET AL.*,                                                          )<br>                                                                    )<br>            **Defendants** *in rem*.                       )<br>_____ ) | Case No. 12-cv-01905 (RWR) |

**UNITED STATES' MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM IN OPPOSITION TO CLAIMANTS' MOTION FOR IMMEDIATE RELEASE OF SEIZED PROPERTY PURSUANT TO 18 U.S.C. § 983(f)**

The United States of America, by and through its undersigned attorneys, respectfully moves this Court for leave to file a surreply memorandum responding to two of the material omissions and misstatements that Claimants Hikmatullah Shadman, Rohullah, and Najibullah have made in their Reply to the United States' Opposition to the Claimants' Motion for Immediate Release of Seized Property Pursuant to 18 U.S.C. § 983(f) (ECF No. 33). Because the misstatements and omissions were raised in Claimants' Reply Memorandum, the United

States has not had an opportunity to correct the record. In particular, the United States seeks leave to file a surreply memorandum because Claimants repeatedly and inaccurately represent that a U.S. military tribunal has considered and rejected the allegations in the Complaint (ECF No. 33, ¶¶ 4, 8, 14, 15, and 18). A U.S. military tribunal has not considered, much less exonerated, Mr. Shadman of the conduct alleged in this forfeiture action. Rather, as explained in the attached surreply, a U.S. Detainee Review Board considered whether or not to continue to detain Mr. Shadman for a reason completely unrelated to this civil forfeiture action, namely whether he posed a danger to coalition forces in Afghanistan.

Second, the United States wishes to respond to Shadman's representations that the United States continues to restrain all assets of Mr. Shadman's company. On Thursday, October 3, 2013, prior to the filing of Claimants' Reply and as evidenced in the attached electronic mail message, the Claimants were informed that the Counter Insurgency Task Force (a multinational coalition which includes the Afghan police) would be releasing certain items belonging to Hikmat Shadman Logistics Services Company to Claimant Hikmatullah Shadman. These items were taken by the Counter Insurgency Task Force in connection with a matter unrelated to the allegations in the Second Amended Verified Complaint for Forfeiture. To the extent that items (such as weapons) belonging to Hikmat Shadman Logistics Services Company remain in possession of the Counter Insurgency Task Force, it is because the Counter Insurgency Task Force has determined that releasing them poses a danger to coalition forces in Afghanistan. Moreover, even if the Task Force continued to restrain other items of Mr. Shadman's business, that decision would have nothing to do with the seizure here, namely the United States' seizure of currency traceable to a wire fraud conspiracy in violation of 18 U.S.C. § 1343.

Granting this motion would provide the Court with a more accurate and complete record upon which to consider the Claimants' Motion. Because the surreply memorandum responds to

material omissions and misstatements made by the Claimants, granting this motion will facilitate fair adjudication of the case and not prejudice any party. Because this is a nondispositive motion, the United States has consulted with counsel for the Claimants pursuant to District of Columbia Local Civil Rule 7(m). The Claimants have not consented to this request, but have taken it under consideration.

Accordingly, the United States respectfully requests leave to file the attached surreply memorandum in opposition to the Claimants' Motion for Immediate Release of Seized Property Pursuant to 18 U.S.C. § 983(f).

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION


/s/ Elizabeth A. Aloi_____
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone: (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA