**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>           **Plaintiff,**                                  )<br>                                                                )<br>           v.                                                    )<br>                                                                )<br>ALL FUNDS HELD BY OR FOR THE BENEFIT  )<br>OF AFGHANISTAN INTERNATIONAL BANK  )<br>AT STANDARD CHARTERED BANK, NEW      )<br>YORK, OF AN AMOUNT UP TO, BUT NOT TO )<br>EXCEED, $10,100,000 OF THE TOTAL SUM     )<br>OF ANY FUNDS HELD IN ANY ACCOUNT       )<br>AT AFGHANISTAN INTERNATIONAL BANK  )<br>CONTROLLED BY OR FOR THE BENEFIT OF  )<br>HIKMATULLAH SHADMAN INCLUDING,        )<br>BUT NOT LIMITED TO, ACCOUNT NUMBER )<br>050210000527810, IN THE NAME OF HIKMAT )<br>SHADMAN LOGISTICS SERVICES COMPANY, )<br>ACCOUNT NUMBER 050210001288613, IN      )<br>THE NAME OF FAIZY ELHAM                          )<br>BROTHERS, LTD., AND ACCOUNT NUMBER )<br>05021020014251115 IN THE NAME OF             )<br>EVEREST FAIZY LOGISTICS SERVICES,         )<br>*ET AL.*,                                                           )<br>                                                                )<br>           **Defendants** *in rem*.                       )<br>_____ ) | Case No. 12-cv-01905 (RWR) |

**UNITED STATES' MOTION FOR A STAY PURSUANT TO 18 U.S.C. § 981(g)**

Comes now the Plaintiff, United States of America, by and through its undersigned counsel, and respectfully urges this Court to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g). The United States requests the stay because the United States has a related criminal investigation and allowing discovery now may jeopardize that investigation. However, there is a Motion to Dismiss (ECF No. 28) and a Motion for Preliminary Injunctive Relief (ECF No. 42) pending before this Court, and there may be forthcoming motions pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions that do not implicate civil discovery. Accordingly, the Court should enter the attached order staying this civil forfeiture action until the conclusion of the criminal proceedings with the exception of the pending Motion to Dismiss, Motion for Preliminary Injunctive Relief, and any forthcoming motions to strike pursuant to Supplemental Rule G(8)(c).

If this Court finds that the record set forth herein is insufficient to establish that civil discovery will adversely affect the ability of the Government to conduct the related criminal investigation, the United States respectfully seeks leave to submit evidence ex parte as authorized by 18 U.S.C. § 981(g)(5).

## I.     BACKGROUND

This is a civil action *in rem* for the forfeiture of approximately $61.3 million in defendant assets pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(k) and 984. As set forth in the Second Amended Verified Complaint for Forfeiture *in Rem* (Complaint) (ECF No. 15), the defendant assets, are the proceeds of a conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343, through which Hikmatullah Shadman and his conspirators defrauded the United States of more than $77 million. On August 27, 2013, Hikmatullah Shadman, along with his brothers Najibullah and Rohullah (collectively identified as the "Claimants"), filed a Claim to certain of the defendant assets (ECF No. 24).

On October 21, 2013, the Claimants filed a preliminary status report pursuant to Local Civil Rule 16.3 of the Local Rules for the United States District Court for the District of Columbia. The Claimants conferred with the United States prior to filing their report.[1] The United States informed counsel for the Claimants that, consistent with this Court's precedent, it

---

[1] Contrary to the representations in Claimants' preliminary status report, during the conference, the United States did not state that Federal Rule of Civil Procedure 26(f) does not apply to civil forfeiture actions. Rather, the United States informed counsel for the Claimants that Federal Rule 26(a)(1)(B) exempts civil forfeiture actions from the initial disclosure requirements of Rule 26.

was the United States' position that civil discovery should not commence (1) until this Court issues an order on the Claimants' own pending dispositive motion (ECF No. 28); and (2) during the pendency of the criminal investigation, as authorized by 18 U.S.C. § 981(g). Counsel for the Claimants subsequently told the United States that they do not have enough information about the criminal investigation to consent to or oppose this motion for a stay. Further, on November 7, 2013, the United States offered to join the Claimants if they wished to submit a consent motion to postpone the November 14, 2013, hearing on the Claimants' request for preliminary injunctive relief until this motion to stay could be fully briefed. The Claimants stated that they do not want to postpone the upcoming hearing.

## II.     LEGAL STANDARD

Title 18, United States Code, Section 981(g)(1), states that the Court shall stay a civil forfeiture proceeding if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Enacted as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981(g) provides both the United States and claimants in a civil forfeiture action the right to seek a stay of a civil forfeiture proceeding in order to protect their respective and divergent interests in a related criminal case or investigation.[2] *United States v. All Funds Deposited in Acc't No. 200008524845*, 162 F. Supp. 2d 1325, 1329 (D. Wyo. 2001). This explicit statutory language requires courts to impose a stay if the United States demonstrates that the failure to do so will adversely affect an investigation or prosecution that is based upon the same facts that are involved in the forfeiture action. *United States v. All Funds on Deposit in*

---

[2] The concept behind this CAFRA provision was not new. The precursor versions of 18 U.S.C. § 981(g) and 21 U.S.C. § 881(i) (permitting a stay in civil drug forfeiture cases) provided that the filing of a criminal indictment or information mandated the stay of a parallel civil forfeiture proceeding, upon good cause shown. Much of the case law interpreting the earlier statutes is, thus, applicable to the amended version codified at 18 U.S.C. § 981(g).

*Suntrust Account No. 8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) ("Two things are obvious from [Section 981(g)]: 1) the Government must satisfy the court that civil discovery would adversely affect the criminal case; if so, then 2) the court must grant the stay"). Where common facts, similar criminal offenses, and common parties exist, the criminal and civil cases are considered to be "related." *Id.*

A request for a stay under 18 U.S.C. § 918(g) does "not require a particularized showing of prejudice or harm; rather all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *United States v. 6415 North Harrison Ave.*, 2012 U.S. Dist. LEXIS 135610 (E.D. Cal. Sept. 21, 2012). "In fact, more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid. Thus, courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by civil discovery." *Id.* Further, the availability of a stay does not require that an indictment or information be filed; the commencement of a criminal investigation is sufficient. *See All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d at 1330 (finding that CAFRA expanded the availability of the stay to the period of the investigation before criminal proceedings begin).

In determining whether civil discovery will adversely affect the ability of the United States to conduct a related criminal investigation, courts have held that, "[w]here civil discovery would subject the Government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *Suntrust Acc't No. 8359*, 456 F. Supp. 2d at 65 (citing *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005)); *see also 10 Table Bluff Rd.*,

2007 WL 911849, at *2 ("civil discovery will likely adversely affect the ability of the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to broader and earlier discovery than would occur in a criminal proceeding").

Section 981(g) permits this Court to impose a protective order, in lieu of a stay, if a protective order would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. 18 U.S.C. § 981(g)(3).  However, a protective order, in lieu of a stay, is never appropriate, if it would allow "one party to pursue discovery while the other party is substantially unable to do so." 18 U.S.C. § 981(g)(3).[3]

### III.   ARGUMENT

#### a.   The Conduct Alleged in the Complaint is the Subject of a Related Criminal Investigation

The United States Attorney's Office for the Eastern District of North Carolina, together with the Fraud Section of the United States Department of Justice and the Office of the Special Inspector General for Afghanistan Reconstruction (SIGAR)  are investigating whether Mr. Shadman and others violated U.S. criminal laws in connection with the award and receipt of lucrative contracts and payments for the transportation of U.S. military supplies in Afghanistan, including, but not limited to, through the wire fraud conspiracy alleged in the forfeiture complaint.  As such, nearly all of the facts, witnesses and evidence offered by the Government in this forfeiture action will overlap with the criminal prosecution.

Persons involved in the conduct alleged in the Complaint may also have committed criminal money laundering violations.  Title 18, United States Code, Section 1957 imposes a

---

[3] In the Claimants' preliminary status report, counsel for the Claimants erroneously cite to 18 U.S.C. § 981(g)(3) for the proposition that a *stay* of civil discovery is inappropriate "where it allows one party to pursue discovery while the other party is substantially unable to do so." (ECF No. 43, page 5). This is an incorrect statement of the law. Here, a stay is the appropriate approach to ensure that neither party is prejudiced by one-sided discovery.

criminal penalty on any person who, "[k]nowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity."  A "monetary transaction" includes the "deposit, withdrawal, transfer or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument…by, through, or to a financial institution." 18 U.S.C. § 1957(f)(1).  Wire fraud, in violation of 18 U.S.C. § 1343, is a specified unlawful activity.  As set forth in the Complaint (ECF No. 15, ¶¶ 48-76), and acknowledged by the Claimants (ECF No. 33, ¶ 8), at least $61.3 million of the proceeds from the alleged wire fraud conspiracy were transferred out of the original defendant accounts at Afghanistan International Bank.  These funds were deposited into accounts at Bank Alfalah, Emirates NBD Bank, and other accounts at Afghanistan International Bank.  At least an additional $15.7 million in criminal proceeds was transferred out of Afghanistan International Bank and its whereabouts are unknown.  The United States is currently investigating whether the transactions used to move the alleged criminal proceeds in and out of Afghanistan International Bank, Bank Alfalah and Emirates NBD Bank constitute illegal monetary transactions, in violation of 18 U.S.C. § 1957.

      **b.**      **Allowing Discovery to Proceed will have an Adverse Affect on the Related Criminal Investigation**

Civil discovery will adversely affect the ability of the United States to conduct the related criminal investigation because it will subject the United States to broader and earlier discovery than would occur in the criminal proceeding.  The Claimants have already asked this Court for "A government-wide Order requiring the U.S. Government to gather and preserve any evidence in its possession relating to the facts alleged in this case, including any evidence in any form referenced in pleadings by Claimants, at a central location in Washington, D.C., and that it grant undersigned counsel access for inspection and copying of same." (ECF No. 29, page 9).  Such

civil discovery may, among other things, require the United States prematurely to disclose to the Claimants the identities of confidential informants. This could put witnesses at risk and interfere with the Government's ability to obtain confidential information from others in the criminal investigation. It would also expose prematurely the identities of those individuals presently under investigation, which could result in the destruction of evidence. This Court has held that such breadth of discovery is a valid reason to impose a stay. *See Suntrust Acc't No. 8359*, 456 F. Supp. 2d at 64 (finding a stay appropriate when civil discovery could compromise a confidential informant in a criminal case).

Other types of civil discovery envisioned by the Claimants further demonstrate the need for a stay. The Claimants have sought an order "granting protection for U.S. Special Forces witnesses and requiring any interrogation relating the facts alleged in this case be conducted under Court supervision" (ECF No. 29, page 9), and have indicated that they will call as witnesses both the individuals who signed the TMR invoices for Hikmat Shadman Logistics Services Company and several U.S. Special Forces personnel. Claimants acknowledge that the conduct alleged in the Complaint is the subject of a criminal investigation that may implicate Mr. Shadman and individuals they believe to be potential witnesses in this matter. (ECF No. 29, page 5). Civil discovery with respect to particular individuals involved in the criminal investigation would impair the criminal investigation because it may prematurely expose facts and testimony of witnesses to potential subjects of the investigation. In addition, it may have the effect of inappropriately allowing one party to conduct discovery while the other party – the United States – would be unable to take discovery from the persons with pertinent knowledge of the facts. It would allow witnesses put forth by the Claimants to avoid answering questions asked by the government on the basis of a Fifth Amendment privilege against self incrimination. This too

would have the effect of preventing the United States from taking discovery. S*ee e.g., Anton v. Prospect Cafe Milano, Inc*., 2006 U.S. Dist. LEXIS 7043 (D.D.C. 2006) (denying a motion to compel testimony under Fed. R. Civ. P. 26(b)(1) because the testimony was likely to incriminate the witness).

The Claimants have also indicated a desire to question law enforcement officers from SIGAR (ECF No. 29, pages 5-8). SIGAR continues to actively investigate both the civil and criminal aspects of Mr. Shadman's conduct. Civil discovery in connection with SIGAR's legally authorized investigative techniques in the criminal matter would have an adverse affect on the criminal investigation as envisioned by 18 U.S.C. § 981(g). *See All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d at 1332 (finding a stay appropriate when the Claimants wanted to depose a police officer who "continues to be involved in the criminal investigation"). Further, in *Suntrust Acc't No 8359*, like here, the Claimants "presented a host of arguments" that assailed the way the government was pursuing a civil forfeiture action. 456 F. Supp. 2d at 66. This Court found that none of the arguments should have "any bearing on whether civil discovery could interfere with the criminal investigation" for the purposes of granting a stay under 18 U.S.C. 981)(g). *Id*. Accordingly, a stay of this civil forfeiture action is warranted.

## IV.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court enter the attached order staying this civil forfeiture action pursuant to 18 U.S.C. § 981(g). If this Court finds that the current record is insufficient to establish that civil discovery will adversely affect the ability of the Government to conduct the related criminal investigation, the United States respectfully seeks leave to submit evidence ex parte as authorized by 18 U.S.C. § 981(g)(5).

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION


/s/ Elizabeth A. Aloi_____
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA