**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-cv-01905 (RWR) |
| ) | |
| ALL FUNDS HELD BY OR FOR THE BENEFIT ) | |
| OF AFGHANISTAN INTERNATIONAL BANK ) | |
| AT STANDARD CHARTERED BANK, NEW ) | |
| YORK, OF AN AMOUNT UP TO, BUT NOT TO ) | |
| EXCEED, $10,100,000 OF THE TOTAL SUM ) | |
| OF ANY FUNDS HELD IN ANY ACCOUNT ) | |
| AT AFGHANISTAN INTERNATIONAL BANK ) | |
| CONTROLLED BY OR FOR THE BENEFIT OF ) | |
| HIKMATULLAH SHADMAN INCLUDING, ) | |
| BUT NOT LIMITED TO, ACCOUNT NUMBER ) | |
| 050210000527810, IN THE NAME OF HIKMAT ) | |
| SHADMAN LOGISTICS SERVICES COMPANY, ) | |
| ACCOUNT NUMBER 050210001288613, IN ) | |
| THE NAME OF FAIZY ELHAM ) | |
| BROTHERS, LTD., AND ACCOUNT NUMBER ) | |
| 05021020014251115 IN THE NAME OF ) | |
| EVEREST FAIZY LOGISTICS SERVICES, ) | |
| *ET AL.*, ) | |
| ) | |
| **Defendants** *in rem*. ) | |
| _____ ) | |

**UNITED STATES' REPLY TO THE OPPOSITION OF
CLAIMANTS HIKMATULLAH SHADMAN, ROHULLAH, AND NAJIBULLAH
TO THE UNITED STATES' MOTION FOR A STAY PURSUANT TO 18 U.S.C. § 981(g)**

On November 8, 2013, the United States of America, moved this Court to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g) because the United States has a related criminal investigation and allowing civil discovery will, at this time, jeopardize that investigation. In their brief in opposition to the United States' Motion for a Stay Claimants Hikmatullah Shadman, Najibullah and Rohullah (collectively the "Claimants" for the purposes of this reply brief) assert that this Court should both deny the stay and draw an adverse inference

against the government for its failure to participate in the discovery process (ECF No. 59, page 2). However, 18 U.S.C. § 981(g), specifically provides for a stay of civil discovery if it will interfere with a criminal investigation, as is the case here. The United States expects to fully participate in all aspects of civil discovery once appropriate. Further, in accordance with 18 U.S.C. § 981(g)(5), an *ex parte* submission in support of a motion for stay under 18 U.S.C. 981(g) is not required, but permissible. The United States remains ready, and has sought leave, to submit evidence *ex parte* if this Court finds that the record is insufficient to establish that civil discovery will adversely affect the ability of the Government to conduct the related criminal investigation.

## I.  ARGUMENT

Title 18, United States Code, Section 981(g)(1) states unequivocally that a Court shall stay a civil forfeiture proceeding if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Here, the discovery envisioned by the Claimants would adversely affect the pending criminal investigation, necessitating the requested stay of 180 days as indicated in the United States' proposed order. As set forth below, the United States has established that there is a related criminal investigation, and that civil discovery at this time would subject the United States to broader and earlier discover than would otherwise occur in the criminal investigation. The additional arguments raised by the Claimants in their opposition brief, discussed herein, are not relevant to this Court's consideration of the United States' Motion for a Stay.

### a.  Hikmatullah Shadman and Coconspirators are Subjects of a Related Criminal Investigation

The Claimants argue that there is no "related criminal investigation" for the purposes of 18 U.S.C. § 981(g) because the government has failed to offer "facts about the criminal investigation beyond a mere assertion that it is investigating whether Mr. Shadman and others violated U.S. criminal laws in connection with the award and receipt of contracts." (ECF No. 59, pages 9-10). By inference, the Claimants are inviting the United States to submit more detailed facts to this Court than those presently contained in the record. This is a thinly veiled attempt to obtain premature discovery that would directly and negatively impact the criminal investigation. Submitting detailed evidence of the criminal investigation to the Claimants at this time would result in the very prejudice to the criminal investigation that the government seeks to avoid. *See*, *e.g., United States v. Real Property Located at 6415 North Harrison Ave.*, 2012 U.S. Dist. LEXIS 135610 (E.D. Cal. Sept. 21, 2012) ("specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal proceeding that the Government seeks to avoid. Thus, courts have routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by civil discovery").

The allegations set forth in the Second Amended Verified Complaint for Forfeiture (ECF No. 15) (the "Complaint") demonstrate probable cause that the defendant assets are subject to forfeiture because they are the proceeds of a offense committed against the United States, specifically, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. The same facts which anchor the allegations in the Complaint are implicated in the criminal investigation and may constitute an integral part of a future criminal case, if one is brought. "Where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related for purposes of determination whether civil

3

discovery would adversely affect the criminal case, as would warrant a stay." *United States v. All Funds on Deposit in Suntrust Account No. 8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006). In fact, the Claimants have already conceded that they believe several of their proposed witnesses are the subjects of the related criminal investigation (ECF No. 29, page 5).

Nevertheless, Claimants contend that there is no criminal investigation related to the allegations in the forfeiture Complaint, because an investigation into the transactions conducted by Mr. Shadman involving the alleged criminal proceeds constitute "an investigation into Afghanistan's sovereign actions" (ECF No. 59, page 10). The Claimants completely misread the allegations in the Complaint. The alleged wire fraud is a violation of U.S. law predicated on the fact that U.S. monies were fraudulently paid to Mr. Shadman, and such payments were approved, as the Claimants concede, by U.S. Special Forces personnel (ECF No. 28, ¶¶ 10-11). These actions by Mr. Shadman, U.S. personnel and others are hardly the sovereign acts of Afghanistan. Further, the assets subject to forfeiture were seized in the United States, after being the subject of wire transfers originating in the United States.

As set forth in the Complaint, at least $61.3 million of the proceeds from the alleged wire fraud conspiracy were transferred out of the original defendant accounts at Afghanistan International Bank. These funds were deposited into accounts at Bank Alfalah, Emirates NBD Bank, and other accounts at Afghanistan International Bank. At least an additional $15.7 million in criminal proceeds was transferred out of Afghanistan International Bank and its whereabouts are unknown. As alleged in the Complaint, these transactions were between accounts controlled by Mr. Shadman and his associates, not the government of Afghanistan. Thus, the United States' investigation of whether the transactions used to move the alleged criminal proceeds in and out

of Afghanistan International Bank, Bank Alfalah and Emirates NBD violated the U.S. money laundering laws is not an investigation into Afghanistan's "sovereign actions."

> b. **The United States Has Demonstrated That Allowing Discovery to Proceed Will Harm the Related Criminal Investigation**

The Claimants assert that the United States has failed to show anticipated harm to the criminal investigation if civil discovery were to proceed. This argument must fail. Such harm is established "[w]here civil discovery would subject the Government's criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." *Suntrust Acc't No. 8359*, 456 F. Supp. 2d at 65 (citing *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005).

As set forth in the United States' Motion for a Stay (ECF No 56, pages 6-8), the discovery requests already envisioned by the Claimants subject the United States' criminal investigation to broader and earlier discovery than would occur in the criminal proceeding. The requested discovery would harm the criminal investigation by putting witnesses at risk, interfering with law enforcement's ability to obtain confidential information, and exposing prematurely the identities of those individuals presently under investigation, which could result in the destruction of evidence.

The Claimants cite to *United States v. Real Property & Premises*, 657 F. Supp. 2d 1060 (D. Minn. 2009) for the proposition that the United States has failed to show that civil discovery would harm the investigation. The rationale for the Court's decision in *Real Property & Premises*, however, actually demonstrates why a stay is appropriate. In *Real Property & Premises*, a District Court in Minnesota found that because the Government had only expressed "concern" that a Claimant would obtain information in discovery that he or she could not yet obtain in the criminal case, the need for a stay was not established. The Court reasoned:

5

> "Courts that have granted stays generally fall into one of two categories. Some have done so when the parties served discovery requests before the Government sought the stay, permitting the court to assess the requests' impact on the related criminal proceeding. *See, e.g., United States v. $1,730,010.00 in U.S. Currency More or Less,* No. EP–06–CA–0406, 2007 WL 1164104, at *3 n. 5 (W.D.Tex. Apr. 16, 2007); *United States v. GAF Fin. Servs., Inc.,* 335 F.Supp.2d 1371, 1373 (S.D.Fla.2004); *United States v. All Funds Deposited in Account No. 200008524845,* 162 F.Supp.2d 1325, 1331 (D.Wyo.2001). Others have granted stays where the Government submitted, *ex parte,* affidavits or other documents demonstrating that civil discovery might threaten to reveal confidential informants or would otherwise impair the criminal investigation. *See, e.g., Currency $716,502.44,* 2008 WL 5158291, at *5; *$1,730,010.00 in U.S. Currency,* 2007 WL 1164104, at *2–3; *United States v. Approximately $207,870.43 Seized from Certificates of Deposit at First Charter Bank & Shelby Sav. Bank,* No. 3:07CV420, 2007 WL 4380064, at *1 (M.D.N.C. Dec. 12, 2007)."

*Real Property and Premises*, 657 F.Supp.2d 1060, 1064.  In *Real Property and Premises*, when the Government moved for a stay, it neither submitted evidence *ex parte*, nor had it received discovery requests from the Claimants. Here, the Claimants have sought discovery from the United States, through the pending Motion for Protective and Preservation Orders (ECF No. 29), and Motion for Preliminary Injunctive Relief (ECF No. 42).  Thus, the present case falls into the first category of cases identified by the Court in *Real Property and Premises* where a stay may be appropriate.  For example, the Claimants have sought to inspect and copy, "any evidence in [the United States'] possession relating to the facts alleged in this case, including any evidence in any form referenced in pleadings by Claimants" (ECF No. 29, page 9).   It is the Claimants' actual discovery requests, and not any generalized concern of the Government, that establish that civil discovery would subject the Government's criminal investigation to early and broader civil discovery than would otherwise be possible in the context of the criminal investigation.[1]

Further, the Claimants' argument that the stay should not be granted because the United States has not submitted *ex parte* evidence in support of the stay has no merit (ECF No. 59, page

---

[1] In addition to their broad request for all relevant evidence, the Claimants have formally propounded civil discovery, seeking among other things, "Any and all written statements of all confidential sources" referenced in the Complaint (ECF No. 59, Ex. 2).

9). Title 18, United States Code, Section 981(g)(5) permits the United States to submit evidence *ex parte* "if appropriate," and, if this Court finds it appropriate, the United States is prepared to do so. Such a submission is not required for a stay to be granted.

### c. The Adverse Inference Sought by the Claimants is Only Available to Criminal Defendants Asserting Fifth Amendment Rights

The Claimants argue that a stay is not warranted because "this court may draw adverse inferences against the government…for its refusal to participate in the discovery process." (ECF No. 59, page 2). This reflects a complete lack of understanding of both the law governing the request for a stay and the law governing adverse inferences in civil forfeiture actions. First, as explicitly authorized by 18 U.S.C. § 981(g), the United States is not required to participate in the discovery process at this stage in a civil forfeiture action if this Court finds that doing so would adversely affect the criminal investigation. Thus, it is illogical for this Court to draw an adverse inference from the United States' effort to seek protection from this Court to delay civil discovery as expression authorized by 18 U.S.C. § 981(g).[2] Nor has the government missed any discovery deadlines. Indeed, Claimants only formally propounded discovery after the United States moved for a stay. In any event, failure by the Government to engage in civil discovery pending this Court's consideration of the Government's timely motion to stay is no grounds for an adverse inference.

Second, in support of their argument that this Court should draw an adverse inference against the United States, the Claimants cite to jurisprudence in which Courts have held that the Fifth Amendment's right against self-incrimination does not preclude a court from drawing an adverse inference against *defendants* in a civil case if they refuse to testify in response to

---

[2] Nor is civil discovery appropriate while there is a pending Motion to Dismiss, as there is in this case (ECF No. 28). *See, e.g., Wada v. United States Secret Serv.*, 25 F. Supp. 2d 1, 11 (D.D.C. 2007) (Finding discovery premature when "this Court has not held an initial scheduling conference because of the pending motions to dismiss.").

probative evidence offered against them (ECF No. 59, page 3). The Supreme Court reasoned, in support of such an inference, that "a failure to assert a fact, when it would have been natural to assert it, amounts in effect to the assertion of the non-existence of the fact." *Baxter et al v. Parmigiano*, 425 U.S. 308, 319 (1976) (quoting 3A J. Wigmore, Evidence § 1042 (Chadboum rev. 1970)). This reasoning has no applicability to this civil forfeiture action. The United States has not refused to assert a fact "where it would have been natural to assert it." Instead, the United States has appropriately sought temporary relief from civil discovery where it could interfere with a pending criminal investigation. Civil discovery will become appropriate when it will not interfere with an ongoing criminal investigation.[3]

      **d.**      **The United States Has No Duty to Respond to the Claimants' Likelihood of Success Argument Because It Is the Claimants' Burden to Establish Likelihood of Success for the Purpose of Obtaining a Preliminary Injunction**

The Claimants have the burden to establish each of the criteria necessary to obtain a preliminary injunction, including, but not limited to, "a substantial likelihood of success on the merits." See *Cityfed Financial Corp. v. Office of Thrift Supervision,* 313 U.S. App. D.C. 178, 58 F.3d 738, 746 (D.C. Cir. 1995). As set forth in this Court's Order denying injunctive relief (ECF No. 61), the Claimants failed to meet their burden. Thus, the United States had no "duty" to respond to the Claimants "likelihood of success" in this forfeiture action as erroneously stated by the Claimants (ECF No. 59, page 3), nor is such an inquiry relevant for the purpose of a motion for a stay under 18 U.S.C. § 981(g).

      **e.**      **The Claimants' Suggestion that this Court Should Compel the United States to Respond to the Pending Discovery Request is Premature**

---

[3] The United States has conferred with the Claimants as required by Local Rule 16.3, and informed the Claimants that the government would be seeking a stay of this forfeiture action, as is the government's right under 18 U.S.C. § 981(g). The United States has made no initial disclosure under Fed R. Civ. Pro 26(a)(1)(A) because civil forfeiture actions are exempt from such disclosures under Rule 26(a)(1)(B). The United States requested that the Claimants agree to postpone the date for response to the pending discovery request until after the Court has considered the Government's Motion to Stay. The Claimants declined to do so.

The Claimants suggest in their opposition brief that this Court should compel the United States to respond to the Claimants' request for discovery "relating solely to the pending jurisdictional issues contained in the Claimants' Motion to Dismiss." (ECF 59, Ex. 2). The Claimants propounded discovery to the United States in accordance with the Federal Rules of Civil Procedure on November 12, 2013, after the pending Motion to Dismiss had been fully briefed. According to the Claimants, the United States' response to the Claimants' first discovery request is not due until December 16, 2013. Thus, a motion to compel the United States' response to the request is moot at this time. *See* Fed. R. Civ. Pro. 37.

### f. This Civil Forfeiture Action Does Not Violate the Due Process Clause of the Fifth Amendment.

In their Opposition to the Stay, and in previous filings, the Claimants contend that 18 U.S.C. § 983(f) violates the procedural due process protections found in the Fifth Amendment to the Constitution. However, contrary to the Claimants' assertions, there is no procedural defect, as 18 U.S.C. § 983(f) provides ample opportunity for the Claimants to establish a basis for hardship relief and the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) provides procedural safeguards for the protection of property rights. As this Court has explained, that the Claimants have been unable to meet the requirements for the relief that they seek – release of the defendant assets – does not mean that they have not been afforded procedural due process (ECF No. 61, page 6).

Since the passage of CAFRA, federal courts have rejected the assertion of a post-seizure right to a probable cause hearing on constitutional grounds, specifically because of the due process protections found in the statute. See, e.g., *United States v. All Funds on Deposit at Dime Savings Bank*, 255 F. Supp. 2d 56, 72 (E.D.N.Y. 2003) (rejecting the necessity for a probable cause hearing where there are built-in due process protections for property owners in the federal

forfeiture statutes, such as the innocent owner defense and hardship provision). Prior to CAFRA, some federal courts held that due process protections dictated that a claimant was entitled to a post-seizure, pretrial, probable cause hearing because under pre-CAFRA law, there was no time limit on the Government for filing a judicial forfeiture action. The availability of hardship relief under 18 U.S.C. § 983(f) and the 60-day deadline for commencing administrative forfeiture proceedings in CAFRA alleviate these concerns.

Further, the Claimants offer no support for their due process arguments.  For example, the Claimants cite to the Ninth Circuit's decision in *United States v. Approximately $1.67 million*, 513 F. 3d 991 (9th Cir. 2008), which reaffirms pre-CAFRA law that "an unreasonable delay between the seizure of property and a forfeiture action violates a claimants' right to due process." However, in *Approximately $1.67 million*, the Ninth Circuit finds no due process violation because the ability to petition a Court for the return of funds mitigates the risk of unreasonable delay.   Here, a forfeiture action was promptly commenced contemporaneous with the seizure of the defendant assets, and the Claimants were able to petition for the release of the seized funds.  Thus, as in *Approximately $1.67 million,* there is no due process rights violation.

      **g.**      **A Protective Order is Insufficient to Address the Harm Anticipated by Civil Discovery**

Section 981(g) permits this Court to impose a protective order, in lieu of a stay, if a protective order would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. 18 U.S.C. § 981(g)(3).  A protective order, in lieu of a stay, is never appropriate, if it would allow "one party to pursue discovery while the other party is substantially unable to do so." 18 U.S.C. § 981(g)(3).  The Claimants argue that a protective order would be sufficient in the case because (1) the United States has not yet submitted *ex parte* evidence to this Court; (2) neither party has propounded discovery beyond the Claimants'

request for jurisdictional discovery; and (3) because the United States already has access to evidence in this matter. None of these arguments demonstrate how a protective order would address the harm anticipated by civil discovery.

As discussed in the Motion for a Stay, civil discovery with respect to individuals involved in the criminal investigation would impair the criminal investigation because it will prematurely expose facts and testimony of witnesses to potential subjects of the investigation, and it would inappropriately force the United States to compel testimony from individuals who themselves may be under criminal investigation, but, are as of yet, unaware of that fact. Thus, the United States would be unable to take discovery from the persons with pertinent knowledge of the facts, making a protective order unworkable. This Court should impose a stay, in lieu of a protective order, because it is the only way to ensure that both parties will have access to complete and thorough discovery before the merits of the civil forfeiture action are adjudicated.

## II. CONCLUSION

For the foregoing reasons and those set forth in the United States' Motion for a Stay (ECF No. 56), the United States respectfully requests that this Court enter the proposed order staying this civil forfeiture action pursuant to 18 U.S.C. § 981(g) for 180 days. If this Court finds that the current record is insufficient to establish that civil discovery will adversely affect the ability of the Government to conduct the related criminal investigation, the United States respectfully seeks leave to submit evidence *ex parte* as authorized by 18 U.S.C. § 981(g)(5).

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION


/s/ Elizabeth Aloi_____
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA