## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-cv-01905 (RWR) |
| ) | |
| SUM OF $70,990,605, *ET AL.*, ) | |
| ) | |
| **Defendants** *in rem*. ) | |
| _____ ) | |

**<u>UNITED STATES' OPPOSITION TO CLAIMANTS' MOTION TO COMPEL
RESPONSES TO CLAIMANTS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS, MOTION FOR EXPEDITED REVIEW, AND OTHER RELIEF</u>**

Comes now the Plaintiff, United States of America, by and through its undersigned counsel, and respectfully urges this Court to deny the Claimants' Motion to Compel, Motion for Expedited Review, and Other Relief (ECF No. 74). As set forth below, the United States has sought a stay of this civil forfeiture action pursuant to 18 U.S.C. § 981(g) because civil discovery would, at this time, adversely affect the ability of the United States to conduct a related criminal investigation. Further, the Claimants, in both their document request and their Motion to Compel, expressly limit their discovery request to documents "related solely to the pending jurisdictional issues contained in the Claimants' Motion to Dismiss." (ECF No. 59-1, page 21). However, as described below, the Claimants' have not moved to dismiss for lack of jurisdiction, and the discovery requests are not appropriate in connection with this Court's consideration of their pending Motion to Dismiss (ECF No. 28). Accordingly, this Court should enter the attached order denying the Claimants' Motion.

I.      ARGUMENT

As set forth below, before the Claimants propounded discovery to the United States, the United States sought a stay of this civil forfeiture action pursuant to 18 U.S.C. § 981(g)(1), which states that the Court shall stay a civil forfeiture proceeding if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Nevertheless, the Claimants moved this Court to compel the United States to produce discovery responsive to 21 different document requests. This Court should deny the Claimants' motion because, as set forth in the pending Motion for a Stay (ECF No. 56), civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation.

Moreover, the Claimants' first discovery request is expressly limited to documents "related solely to the pending jurisdictional issues contained in the Claimants' Motion to Dismiss." (ECF No. 59-1, page 21). Accordingly, the Claimants' motion to compel also must fail because the discovery the Claimants seek is neither warranted in connection with any purported jurisdictional issues, nor necessary for this Court's consideration of the Claimants' act of state doctrine and international comity arguments.

Information sought by the Claimants is also protected from disclosure by the attorney-client, investigatory files, informant's, deliberative process and state secrets privileges, and the attorney work-product doctrine. The United States expects to fully participate in the discovery process, including addressing these individual privileges and how they apply to each discovery request, once civil discovery has properly commenced.

### a. Factual Background

This is a civil action *in rem* for the forfeiture of defendant assets worth approximately $61.3 million pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(k) and 984. The United States initiated this action by filing a civil forfeiture complaint on November 20, 2012, that has now been amended twice. On August 27, 2013, Hikmatullah Shadman, Najibullah (also known as Yaser Elham) and Rohullah (collectively identified as the "Claimants") filed a Claim (ECF No. 24) to certain of the defendant assets identified in the Second Amended Verified Complaint for Forfeiture (the "Complaint").[1]

The Claimants filed a Motion to Dismiss the Complaint on September 16, 2013, (ECF No. 28). The United States submitted its opposition to this motion on October 25, 2013, and the Claimants submitted their reply brief on November 1, 2013. On November 8, 2013, the United States sought a stay of this civil forfeiture action pursuant to 18 U.S.C. § 981(g)(1), which states that the Court shall stay a civil forfeiture proceeding if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). This Motion remains pending (ECF No. 56). Because the Claimants' Motion to Dismiss was fully briefed and is a motion appropriately adjudicated on the pleadings, the United States did not request a stay of adjudication of the Claimants' Motion to Dismiss.

---

[1] In their Motion to Compel, the Claimants continue to insist, erroneously, that Hikmat Shadman Logistics Services Company, Hekmat Shadman General Trading, LLC, Faizy Elham Brothers, Ltd., and Everest Faizy Logistics Services have filed a claim to challenge this forfeiture action. Title18, United States Code, Section 983(a)(4)(A), and Supplemental Rule G requires that "a would-be claimant" file a "claim that (1) 'identif[ies] the specific property claimed,' (2) 'identif[ies] the claimant and state[s] the claimant's interest in the property,' and (3) is 'signed by the claimant under penalty of perjury.'" Supp. R. G(5)(a)(i)(A)(C). A review of the Claim (ECF No. 24) reveals that Hikmat Shadman Logistics Services Company, Hekmat Shadman General Trading, LLC, Faizy Elham Brothers, Ltd., and Everest Faizy Logistics Services have not met these requirements. First, the Claim unequivocally identifies the "Claimants" as Hikmatullah Shadman, Najibullah (also known as Yaser Elham), and Rohullah. (ECF No. 24, page 5). Second, the Claim neither identifies which property each of these companies' claim, nor the interest that each of the companies has in the defendant assets.

Four days later, on November 12, 2013, the Claimants propounded their first discovery request, containing 22 different requests for production, to the United States.  It seeks discovery "related solely to the pending jurisdictional issues contained in the Claimants' Motion to Dismiss." (ECF No. 59-1, page 21).  On November 26, 2013, the United States conferred with the Claimants to seek their consent to postpone the United States' response to the Claimants' first discovery request in light of the pending Motion for a Stay. The Claimants opposed this request. Later, when the Claimants conferred with the United States with regard to their Motion to Compel, counsel for the United States reiterated that it is the United States' position that civil discovery is not appropriate at this time for the reasons set forth in pending motion for a stay.[2]

Nevertheless, on December 16, 2013, the United States provided a preliminary response to the Claimants' first discovery request.  Specifically, in addition to raising the objections discussed herein, the United States provided the Claimants with a copy of the Jingle Truck contract, which was sought in Request No. 3. The United States has since received addendums to the contract from the North Atlantic Treaty Organization (NATO) Support Agency (NSPA), and does not object to providing them to the Claimants contemporaneous with the filing of this opposition memorandum.  The Claimants have also received all of the documents responsive to Request Nos. 4, 5, and 7 in which the Claimants seek the documents previously presented to this Court, and to Magistrate Judge Alan Kay, in support of the seizure of the defendant assets.  In addition, in response to Request No. 13, in which the Claimants seek documents demonstrating that the United States funded the Jingle Truck contract, the United States provided the Claimants with two interview reports which explain in detail the payment process under the Jingle Truck contract, including how U.S. funds are obligated.  Finally, in the United States' response to the Claimants' discovery request, the United States informed the Claimants that there are no

---

[2] Nor has this Court scheduled a discovery conference, or issued a scheduling order.

documents known to the Plaintiff responsive to Request No. 22. In Request No. 22, the Claimants seek written statements of Hikmatullah Shadman.[3]

The United States sought to accommodate the Claimants by providing this information and these documents even though, as discussed below, the United States has requested a stay of this action to prevent interference with a criminal investigation pursuant to 18 U.S.C. § 981(g)(1), certain of the Claimants' requests are properly subject to objections, and this Court has yet to issue a discovery order.

### b. Legal Standards

As set forth in Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery of any non-privileged matters related to a party's claim or defense. Fed. R. Civ. P. 26(b)(2011). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-352 (1978). Discovery must appear to be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) (2011). Moreover, a party may only obtain discovery as to a matter that is "relevant to the claim or defense of any party." *Pleasants v. Allbaugh,* 208 F.R.D. 7, 9 (D.D.C. 2002) *citing Krieger v. Fadely,* 199 F.R.D. 10, 13 (D.D.C. 2001)(holding that the nature of the claims asserted defines relevancy). Further, Courts must limit discovery that is unreasonably cumulative or duplicative, obtained from another source that is more convenient, less burdensome, or less expensive, or discovery requests which cause the imposition of a burden that outweighs the discovery's likely benefit. Fed. R.Civ.P. 26(b)(1)(C).

---

[3] The United States also asked the Claimants to consent to production of copies of the 5,421 Transportation Movement Requests sought in Request No. 12 on a rolling basis. The United States recently received copies of certain of these Transportation Movement Requests from officials in Afghanistan and does not object to providing them to the Claimants contemporaneous with the filing of this opposition memorandum.

A request for documents under Rule 34 of the Federal Rules of Civil Procedure, such as the Claimants' request, must "describe with reasonable particularity each item or category of items to be inspected." Fed.R.Civ.P. 34(b)(1)(A). "[I]n drafting document requests, it is the party seeking discovery [who] bears the burden of fashioning the requests appropriately." *Kline v. Berry*, 287 F. R.D. 75 (D.D.C. 2012) *citing Washington v. Thurgood Marshall Acad.,* 232 F.R.D. 6, 10 (D.D.C.2005). In connection with a motion to compel, it is also the party seeking discovery who "has the burden of proving that the opposing party's answers were incomplete." *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007).

### c. The Court Should Deny the Claimants' Motion to Compel and Grant the United States' Motion for a Stay Because Civil Discovery will Adversely Affect the Ability of the Government to Conduct a Related Criminal Investigation

Before the Claimants propounded discovery to the United States, the United States sought a stay of this civil forfeiture action pursuant to 18 U.S.C. § 981(g)(1), which states that the Court shall stay a civil forfeiture proceeding if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). The United States objects generally to the Claimants' entire first discovery request, and specifically to Requests Nos. 1, 2, 6, 8, 9, 11, 14, 15, 16, 17, 18, 19, 20 and 21, on the grounds that disclosure of the requested documents would interfere with the related criminal investigation.

For example, Request No. 9 seeks "Any and all documents that the Government purports to support or show that Hikmatullah Shadman 'conspired to obtain payments from the United States for the transportation of military supplies in Afghanistan through the fraudulent use of wires . . .' and 'made bribe payments' and 'fraudulently inflated prices,' as alleged in the Government's Second Amended Complaint." (ECF No. 74, page 40). In Request No. 21, they

6

also seek "Any and all written statements of all confidential sources" referenced in the Complaint (ECF No. 74, page 49).  As set forth in the United States' Motion for a Stay, (ECF No 56), to permit such discovery to proceed would, at this time, result in precisely the kind of prejudice to the United States' investigation that 18 U.S.C. § 9181(g)(1) is designed to prevent.

Further, such broad civil discovery is generally not appropriate while a motion to dismiss is pending. *See, e.g., Wada v. United States Secret Serv.*, 25 F. Supp. 2d 1, 11 (D.D.C. 2007) (finding discovery premature when "this Court has not held an initial scheduling conference because of the pending motions to dismiss."); *see also United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 276 F.R.D. 396 (D.D.C. 2011) (staying discovery until the adjudication of any dispositive motion).

> **d.  This Court Should Deny the Claimants' Motion to Compel Because the Discovery Requests are Not Appropriate in Connection With This Court's Consideration of the Claimants' Motion to Dismiss**

Claimants' first discovery request is expressly limited to documents "related solely to the pending jurisdictional issues contained in the Claimants' Motion to Dismiss," which Claimants later describe as "threshold issues" involving "subject matter jurisdiction" and "failure to state a claim."  (ECF No. 59-1, page 21, ECF No. 74, page 11).  However, the Claimants erroneously argue that broad discovery on "subject matter jurisdiction" and "failure to state a claim" has "been routinely allowed by the courts." (ECF No. 74, page 10).  As discussed below, the standard governing discovery in connection with a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) is different than the standard governing discovery in connection with a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  In neither case has broad civil discovery been routinely allowed by this Court, nor would it be appropriate in this matter.

      **i.**    **In Requests Nos. 1-19 and 21, the Claimants Do Not Seek Any Discovery Appropriate for a Rule (12)(b)(6) Motion for Failure to State a Claim Upon Which Relief Can be Granted**

In *The Wilderness Society v. United States Department of the Interior,* this Court considered the parameters of discovery in connection with a motion to dismiss, and outlined the different standards governing challenges to a complaint brought under Rule 12(b)(6) versus Rule 12(b)(1). 2005 WL 3276256 (D.D.C. Sept. 12, 2005). This Court found that, in consideration of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record…Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint." *Id.* (internal citations omitted). This is because the Court must "take all of the factual allegations in the Complaint as true," and "draw all inferences in favor of the nonmoving party*"* when considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *City of Harper Woods Emps. Ret. Sys. v. Oliver*, 589 F.3d 1292, 1298 (D.C. Cir. 2009); *United States v. $79,321*, 522 F. Supp. 2d 64, 68 (D.D.C. 2007) ("plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor").

      There are no documents attached to or incorporated into the Complaint and thus, this Court should deny the Claimants' motion to compel all discovery in connection with the Claimants' Rule 12(b)(6) motion. Consistent with this analysis, in their discovery requests, the Claimants do not identify "documents attached to or incorporated into the complaint, matters of which the court make take judicial notice, [or] matters of the public record," and in their motion to compel they state only that it is "self evident" that Request Nos. 1-19 and 21 seek documents that are "expressly referenced and relied upon" in the Complaint (ECF No. 74, page 15).

For example, in Request No. 1, the Claimants seek documents related to the Detainee Review Board Hearing because it "goes to whether the Government failed to state a claim…since it is based on insufficient facts." (ECF No. 74, page 34). However, the Complaint contains no reference to Mr. Shadman's detention by the U.S. military, or the Detainee Review Board. Because the records from the Detainee Review Board are neither relevant to the allegations in the Complaint, nor the Motion to Dismiss, this Court should deny the Claimants' motion to compel discovery responsive to Request No. 1 in connection with this and any future discovery request.

Similarly, in Request No. 6, the Claimants seek communications between the Government and the Afghanistan Government because they are "expressly referenced in the Complaint," specifically in paragraphs 14 and 16. (ECF No. 74, pages 38). Paragraphs 14 and 16 of the Complaint do not attach or incorporate any documents into the Complaint (ECF No. 15, ¶¶ 14, 16). In Request No. 8, the Claimants seek "any and all documents" showing that two of the original defendant bank accounts at Afghanistan International Bank contain Mr. Shadman's criminal proceeds without identifying a single document attached to or incorporated in the Complaint that would justify such a request (ECF No. 74, page 40).

The Claimants appear to contend that any document referenced in the Complaint is necessarily incorporated into the Complaint and must be considered on a motion to dismiss. However, in adjudicating a motion to dismiss, a court must assume facts in the Plaintiff's favor and draw all reasonable inferences in favor the United States. *Iqbal*, 556 U.S. at 678. Under the Claimants' misunderstanding of the law this Court would have to weigh evidence even though "when there are well-pleaded factual allegations," as here, "a court should assume their veracity." *Id*. Accordingly, because this Court's adjudication of facts is inappropriate at this time, and the Claimants fail to identify a single document attached to or incorporated in the

9

Complaint in their discovery requests, their motion to compel responses to Requests No. 1-19 and 21 must fail. [4]

### ii. The Claimants' Motion Must be Denied Because the Claimants' Motion to Dismiss Does Not Challenge this Court's Subject Matter Jurisdiction

In consideration of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), this Court has found that limited jurisdictional discovery is appropriate if a plaintiff "shows a nonconclusory basis for asserting jurisdiction, and a likelihood that additional supplemental facts will make jurisdiction proper." *Intelsat Global Sales and Marketing Ltd., v. Community of Yugoslav Posts Telegraphs and Telephones*, 534 F. Supp. 2d 32 (D.D.C. 2008); *see also The Wilderness Society v. U.S. Dept. of Interior*, 2005 WL 3276256 *5 (D.D.C.2005). The Claimants argue that each and every one of their requests for production is related to matters of subject matter jurisdiction (ECF No. 74, pages 14-16). However, despite their repeated assertions to the contrary (ECF No 74, page 8), in their Motion to Dismiss (ECF No. 28), the Claimants do not ask this Court to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Instead, the Claimants focus their opposition to the Complaint on the applicability of the act of state doctrine, and principles of international comity (ECF No 28, pages 36-43). Neither the act of state doctrine, nor international comity are the proper subjects of a Rule 12(b)(1) motion. Thus, the United States properly raised a general objection to each and every one of the Claimants' requests, including Request No. 20 (communication between the U.S. Government and Government of Afghanistan), on the grounds that they do not relate solely to the pending jurisdictional issues contained in the Claimants' motion to dismiss. The United

---

[4] Further, although the United States does not object to expedited review of the Claimants' Motion to Compel, for the reasons set forth herein, no additional relief sought by the Claimants is warranted.

States also properly objected specifically to Requests Nos. 1, 2, 6, 8, 9, 11, 12, 14, 15, 16, 17, 18, 19, and 21 on these grounds (ECF No. 74, pages 18, 19, 33-51).

The act of state doctrine is a merits issue, and not a jurisdictional defense. *Helmerich & Payne Intern. Drilling Co. v. Bolivarian Republic of Venezuela*, --- F.Supp.2d ----, 2013 WL 5290126 (D.D.C. 2013). The D.C. Circuit "has repeatedly recognized the act of state doctrine as a merits defense requiring prior resolution of jurisdictional questions." *Id.* (internal citations omitted). *See also, Marra v. Papandreou*, 216 F.3d 1119, 1122 (D.C. Cir. 2000) (reaffirming *In re Papandreou* 's holding that while standing, personal jurisdiction, and forum non conveniens are jurisdictional issues, the act of state doctrine is not); and *In re Papandreou*, 139 F.3d at 247, 256 (D.C. Cir. 1998) ("[W]e note that the Supreme Court has authoritatively classified the act of state doctrine as a substantive rule of law) (superseded on other grounds).

Similarly, international comity is a doctrine of deference, the purpose of which is to "foster international cooperation and encourage reciprocal recognition of U.S. judgments in foreign courts," and not to strip a U.S. court of it authority to hear a claim. *U.S. v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1 (D.D.C. 2013). *See also, In re Arbitration Between Intern. Bechtel Co., Ltd. and Department of Civil Aviation and Government of Dubai*, 300 F.Supp.2d 112 (D.D.C.,2004) (distinguishing between jurisdictional questions and international comity.); *Herero People's Reparations Corp. v. Deutsche Bank AG*, 2003 WL 26119014 (D.D.C. 2003) (finding that "international comity arguments do not validly challenge the Court's jurisdiction over the subject matter of Plaintiffs' claims" pursuant to Rule 12(b)(1)).

This analysis is consistent with the legal authority offered by the Claimants in support of the propriety of discovery on matters of subject matter jurisdiction. (ECF No. 74, pages 10 and 11). None of the cases cited by the Claimants stand for the proposition that discovery is

available in connection with the act of state doctrine or international comity. *See, e.g., Intelsat Global Sales and Marketing, Ltd. v. Community of Yugoslav Posts Telegraphs and Telephones*, 534 F. Supp. 2d 32 (D.D.C. 2008) and *Doe v. Bin Laden*, 580 F. Supp. 2d 93 (D.D.C. 2008) (ordering discovery on the applicability of the Foreign Sovereign Immunities Act); *In re Lorazepam & Clorazepate Antitrust Litig.*, 900 F. Supp. 2d 8 (D.D.C. 2012) and *In re Tobacco/Governmental Health Care Costs Litig.*, 100 F. Supp. 2d 31 (D.D.C. 2000) (ordering discovery related to diversity jurisdiction); and *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) (discussing discovery as it relates to personal jurisdiction).

Further, the United States has not shown a "nonconclusory basis for asserting its jurisdiction" as required before a Court should consider supplemental information in connection with a Rule 12(b)(1) challenge. *Intelsat Global Sales and Marketing Ltd*, 534 F. Supp. 2d at 34 (D.D.C. 2008). As alleged in the Complaint, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a), and 18 U.S.C. §§ 981(a)(1)(C) and 984 (ECF No. 15, ¶ 7). In addition, as also alleged in the Complaint, the wire transfers necessary to establish this Court's jurisdiction over the alleged wire fraud conspiracy occurred each time the United States Defense Finance and Account Services, located in Rome, New York, through the North Atlantic Treaty Organization's Maintenance and Supply Agency, processed and disbursed payments to TOIFOR Global Life Support Services (now known as "Xeless"), which in-turn made payments totaling $77 million to Hikmat Shadman Logistics Services Company (ECF No. 15, ¶¶ 31-33, 46, 47). Accordingly, the Claimants' motion to compel responses to Request Nos. 1, 2, 6, 8, 9, 11, 12, 14, 15, 16, 17, 18, 19, and 21 must fail.

      **e. The Discovery Sought by the Claimants Is Unnecessary for This Court's Consideration of the Claimants' Act of State Doctrine and International Comity Arguments**

This Court addressed the act of state doctrine and international comity arguments raised by the Claimants in its November 25, 2013, Order denying the Claimants' request for preliminary injunctive relief. In doing so, this Court identified a lack of legal support for the Claimants' position that the act of state doctrine and international comity present a barrier to this forfeiture action. Specifically, this Court found that the Claimants provided no legal support for their argument that (1) "exoneration in a foreign action or a military proceeding is determinative of whether a civil forfeiture of defendant assets is appropriate;" or (2) that a "foreign court's assertion of exclusive jurisdiction is a proper exercise of its sovereign power, and that it strips a United States district court of jurisdiction to hear a case that is properly within its jurisdiction" (ECF No. 61, pages 20, 23, n. 6). The Claimants specifically identify act of state doctrine and international comity arguments in support of discovery Request Nos. 2 (documents pertaining to the hearing conducted by the Afghan tribunal), 6 (communication between the Justice Department and the government of Afghanistan), 12 (the Transportation Movement Requests) and 20 (communication between the U.S. Government and the government of Afghanistan). However, nothing that could be produced in response to these requests would upset this Court's findings, as the Claimants' arguments fail as a matter of law, and not as a matter of fact.[5]

For example, the Claimants argue in support of Request No. 2 that discovery on matters "related to the investigations and hearings conducted by the Afghanistan Government" is appropriate to address "issues of comity and act of state." (ECF No. 74, pages 34, 35). Yet, even if the United States had and could produce documents demonstrating that the Afghan tribunal exonerated Mr. Shadman of the conduct alleged in the Complaint – which it did not – this Court correctly identified that, "the Afghanistan Executive Order would not need to be declared

---

[5] As discussed above, the United States is can provide the Claimants with additional documents responsive to Request No. 12.

invalid" in this U.S. proceeding "because the Afghan authorities determined that "Mr. Shadman [was] not guilty under Afghan law, not whether the defendant assets are subject to forfeiture under United States law" and "a determination of guilt or innocence is not dispositive of whether the defendant assets should be civilly forfeited" (ECF No. 61, page 22) (internal citations omitted). Because the act of state doctrine only "applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries," civil discovery is not necessary to ascertain that the doctrine does not apply in this case. (ECF No. 61, page 21 citing *United States v. One Gulfstream G-V Jet Aircraft*, Civil Action No. 11-1874 (RC), 2013 WL 1701831, at *6 (D.D.C. April 19, 2013)).

Similarly, in both Request Nos. 6 and 20, the Claimants seek "communications" between the United States and Afghanistan, because "such communication will yield evidence of the Afghanistan government's position and communication to the U.S. Government regarding exclusive Afghanistan jurisdiction." (ECF No. 74, pages 38 and 49). Even if Afghanistan officials did communicate to U.S. officials that Afghanistan purportedly had exclusive jurisdiction over the conduct alleged in the Complaint – which they did not – this would not demonstrate that a "foreign court's assertion of exclusive jurisdiction is a proper exercise of its sovereign power, and that it strips a United States district court of jurisdiction to hear a case that is properly within its jurisdiction" (ECF No. 61, pages 20, 23, n. 6). Accordingly, the Claimants' motion to compel discovery in response to Request Nos. 2, 6, 12 and 20 must fail.

    **f. The Discovery the Claimants Seek is Protected from Disclosure**

Information sought by the Claimants in Request Nos. 1, 2, 6, 8, 9, 17, 18, 19, 20, and 21 is protected from disclosure by the attorney-client, investigatory files, informant's, deliberative

process and state secrets privileges, and the attorney work-product doctrine.[6] In this opposition brief, the United States does not address these individual privileges and how they apply to each discovery request. Doing so is premature because the Claimants have failed to establish how any of their discovery requests are relevant and "related solely to the pending jurisdictional issues contained in the Claimants' Motion to Dismiss." (ECF No. 59-1, page 21). The United States expects to fully participate in the discovery process, including providing Claimants with a privilege log, once civil discovery has commenced. If this Court denies the pending Motion for a Stay and issues an order to compel discovery on any of the Claimants' requests, the United States seeks leave to submit briefing on these individual privileges and how they apply to each discovery request, as appropriate.

g. **The Claimants Seek Discovery Not in the Plaintiff's Possession**

The Claimants would also have the United States produce documents not in the Plaintiff's possession. A party cannot produce what is not in its possession, custody or control. *Pederson v. Preston* 250 FRD 61, 69, (D.D.C. 2009); *see also* 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure § 2210 (2d ed. 1994)* ("[A] party cannot be required to permit inspection of documents or things that it does not have and does not control.").

In Request Nos. 1 (records of the Detainee Review Board), 2 (documents pertaining to the hearing conducted by the Afghan tribunal), 10 (contract documents between Hikmat

---

[6] For example, the informant's privilege (also known as the "informer's privilege) protects the identities of certain confidential informants whose statements are sought in Request No. 21. The Claimants argue erroneously that the privilege does not apply when disclosure "is relevant to the defense of the accused" (ECF No. 74, page 50). However, in civil cases, such as this forfeiture action, "the informer's privilege is arguably stronger, because the constitutional guarantees assured to criminal defendants are inapplicable." *In re Search of 1638 E. 2d St. Tulsa, Okla.*, 993 F. 2d 773, 774-775 (10th Cir. 1993). Moreover, as set forth in the pending Motion for a Stay (ECF No. 56), disclosure of information related to the identity of confidential informants at this time would have a significant adverse effect on the criminal investigation.

Shadman Logistics Services Company and TOIFOR), 11 (price lists and bids submitted by Hikmat Shadman Logistics Services Company when seeking Transportation Movement Requests), 13 (related to the funding of the Jingle Truck contract), 14 (invoices submitted by Hikmatullah Shadman to TOIFOR), 15 (invoices submitted by TOIFOR to NAMSA), and 16 (all documents related to U.S. payments to NAMSA and NAMSA to TOIFOR), the Claimants seek information that is presently outside the control or custody of the Plaintiff, and therefore cannot be produced to the Claimants at this time.  The Claimants assert that "[m]any of the responsive documents to the Claimants' requests had been previously in the …possession of the Claimants prior to the Government's wrongful confiscation and indefinite retention of the Claimants' business records and property." (ECF No. 74, page 6). However, as this Court identified in its November 5, 2013, Order, the only property seized by the Plaintiff in "this in rem action or under any warrants associated with this in rem action" is the defendant assets.  (ECF No. 50, page 9). As the United States has repeatedly informed both the Claimants and this Court, inquiries regarding any other assets formerly in possession of the Claimants should be directed to the Counterinsurgency Task Force. Neither SIGAR nor AFMLS has the authority to control these items. The Counterinsurgency Task Force has, however, represented to both SIGAR and counsel for the Claimants that Mr. Shadman may take possession of the property currently in the Task Force's possession.  The Claimants should seek these items not through discovery, but by retrieving them from the Counterinsurgency Task Force.

## II.     CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court enter the attached order denying the Claimants' Motion to Compel, Motion for Expedited Review, and Other Relief.

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION


/s/ Elizabeth A. Aloi_____
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA