**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>SUM OF $70,990,605, *ET AL.*,<br><br>**Defendants *in rem*.** | ) | Case No. 12-cv-01905 (RWR) |

**UNITED STATES' MOTION FOR A STIPULATED PROTECTIVE ORDER PURSUANT TO 18 U.S.C. § 981(g)(3) and Fed. R. Civ. P. 26(c)**

Comes now the Plaintiff, United States of America, by and through its undersigned counsel, and respectfully urges this Court to give effect to the attached stipulated protective order to allow the parties to begin civil discovery in this matter. In accordance with this Court's April 18, 2014, Order, the parties have conferred and agree that, at this time, the attached protective order imposes limitations to discovery sufficient to protect the United States' interest in the related criminal investigation while allowing discovery to move forward in this case.

## I. LEGAL AND FACTUAL BACKGROUND

On November 8, 2013, the United States sought a stay of this civil forfeiture action pursuant to 18 U.S.C. § 981(g) on the grounds that "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation." 18 U.S.C. § 981(g)(1). At the time, the United States declined to submit evidence *ex parte*, seeking the Court's leave to do so in the future, if necessary.

On April 18, 2014, this Court found that the United States does have a related criminal investigation for the purposes of 18 U.S.C. § 981(g) and that civil discovery will adversely affect the related criminal investigation when civil discovery would "subject the Government's

criminal investigation to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." (ECF No. 90, pages 5-6)(internal citations omitted). For example, the Court found that the breadth of the Claimants' discovery requests regarding the identity and statements of confidential informants, "could certainly adversely affect the United States by allowing the claimants access to discovery that they ordinarily would not have access to in a criminal case." (ECF No. 90, page 9).

However, on April 18, 2014, this Court denied the Government's requested stay, finding that the parties could engage in some discovery that would not adversely affect the related criminal investigation. Specifically, the Court found that "[t]here are several areas in which the claimants can seek discovery that would not implicate the sensitive information that the government seeks to protect, such as additional information about the applicability of international comity, the act of state doctrine, or the innocent owner defense." (ECF No. 90, page 12). The Court directed the United States to "consult the claimants and submit within 30 days a proposed protective order suggesting limitations to discovery that will protect its interests while also allowing claimants to move forward with the case." (ECF No. 90, page 15). The attached stipulated protective order is the result of this consultation.

## II. PROPOSED STIPULATED PROTECTIVE ORDER

In response to the Court's Order, the parties have agreed, at this time, to limit discovery to matters that would not adversely affect or compromise the related criminal investigation. Thus, the attached proposed stipulated protective order allows the United States to withhold discovery materials from the Claimants if, in the United States' determination, disclosure would have an adverse affect on the related criminal investigation. The protective order also directs the United States to provide the Claimants with a log of materials withheld. The parties have

discussed that this log should be responsive to the Claimants' particular discovery requests without disclosing information that itself could have an adverse effect on the related criminal investigation.

If the Claimants disagree with the United States' decision to withhold discovery material, they may ask the United States to seek an *ex parte, in camera* review of the items withheld, as envisioned by 18 U.S.C. 981(g)(5), and a determination of whether disclosure is likely to adversely affect the criminal investigation. At the conclusion of discovery pursuant to this protective order, the parties have agreed to confer on a second protective order to govern matters remaining under dispute.

Further, because during the pendency of the criminal investigation discovery materials may be located in four offices in two countries, and will need to be reviewed by multiple prosecutors working on the criminal case, the parties have agreed to the production of materials on a rolling basis, and a 90 day window from the date of a discovery request for the United States to provide the aforementioned log.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court give effect to the proposed stipulated protective order.

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
MONEY LAUNDERING SECTION

/s/ Elizabeth A. Aloi____________________
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money
Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone: (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA