**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-cv-01905 (RWR) |
| ) | |
| SUM OF $70,990,605, *ET AL.*, ) | |
| ) | |
| **Defendants** *in rem*. ) | |
| _____ ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the parties hereby submit this proposed Stipulated Protective Order ("Protective Order") for the purpose of ensuring that confidential information submitted by Plaintiff United States of America (the "United States"), Claimants Hikmatullah Shadman, Afghanistan International Bank, Rohullah, Najibullah, Hikmat Shadman Logistics Services Company, Faizy Elham Brothers, Ltd., Hekmat Shadman General Trading LLC, and Everest Faizy Logistics Services ("Claimants," and collectively, with the United States, "the parties"),[1] or any third parties in connection with this proceeding, whether pursuant to compulsory process or voluntarily, is not improperly disclosed. The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony (oral or written). The parties agree that the entry of this Protective Order is warranted to protect against disclosure of such documents and information. The parties further agree that, in accordance with this Court's April 18, 2014, Order (ECF No. 90), discovery shall be limited to matters that will not compromise the status of a confidential informant for the United States, or compromise or adversely affect the related criminal investigation. At the conclusion of discovery permitted by this Protective Order, and when further discovery will not compromise or adversely affect the related criminal investigation, the parties will confer and attempt to reach an agreement on the

---

[1] The United States reserves the right to move to strike any of the putative claimants pursuant to Supplemental Rule G(8)(c).

scope of a new protective order to govern other matters under dispute. The parties agree not to seek further discovery until a new protective order is issued by the Court.

Accordingly, the parties, by their undersigned counsel, hereby stipulate to the following, subject to approval and entry by the Court:

1. As used in this Order, "Protected" means documents, testimony, written responses, or other materials produced by the parties in this case that the producing party reasonably believes not to be in the public domain and reasonably believes contains confidential information, including, but not limited to, personally identifiable information (*e.g.* addresses, telephone numbers, Social Security numbers or other personal information which would allow the identification of said individuals by those with access to the information), trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), that, if disclosed, would materially affect a party or subpoenaed party's business, commercial or financial interests and information that, if disclosed, would compromise the confidential status of an informant for the United States.

2. As used in this Order, "Attorneys Eyes Only" means documents, testimony, written responses, or other materials produced by the parties that the producing party reasonably believes should not be disclosed to domestic agencies other than the Department of Justice, or a foreign government.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Protected," or "Attorneys Eyes Only" documents, testimony, written responses, or other materials, in whole, or in part, produced in this matter if the producing party has a good faith basis for making such a designation pursuant to this Protective Order. The party shall designate each page of the document with a stamp or other marker identifying it as "Protected" or "Attorneys Eyes Only" unless doing so is not possible or made impracticable by the nature of the material.

4. The United States will provide the Claimants with a log identifying whether documents, testimony, written responses or other materials requested by the Claimants have been withheld because they are not subject to this protective order because disclosure of the requested materials would compromise the status of a confidential informant for the United States, or compromise or adversely affect the related criminal investigation. If

the Claimants oppose the United States' decision to withhold any particular requested material, the Claimants may request in writing that the United States ask the Court to conduct an *ex parte*, *in camera*, review of the requested materials to determine whether disclosure would compromise or adversely affect the related criminal investigation consistent with 18 U.S.C. § 981(g). Upon receipt of such request, the United States will ask the Court to conduct an *ex parte*, *in camera*, review of the requested materials to determine whether disclosure would compromise or adversely affect the related criminal investigation. Subject to any right of appeal, if the Court orders the disclosure of any material withheld, the United States will disclose the material, but reserves the right to mark any of the material "Protected" or "Attorneys Eyes Only" as set forth herein.

5. Each party reserves the right to seek a stay from the Court pursuant to 18 U.S.C. § 981(g) at any time.

6. The Parties agree that the pursuant to Fed. R. Civ. P. 29, the Plaintiff may produce documents requested pursuant to Rule 34 on a rolling basis. The Parties further agree that because extensive consultation between the Asset Forfeiture and Money Laundering Section of the Department of Justice, the United States Attorney's Office for the Eastern District of North Carolina and the Fraud Section of the Department of Justice will be necessary to comply with this protective order, the Plaintiff shall have 90 days from the date of a discovery request pursuant to Rule 34 to provide the Claimants with the log identified in paragraph 4.

7. Use of any information, documents, or portions of documents marked "Protected," including all information derived therefrom or contained therein, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by agreement among counsel for the parties, counsel for a subpoenaed party, or authorized by the Court:
    a. Counsel of record for the parties and their associated attorneys and administrative staff in the United States.
    b. The parties to this action.
    c. Investigators employed by or under contract with the United States government involved in this matter.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of litigating this matter, but only to the extent necessary for the investigation and litigation of the facts at issue in this action.

    e. The Court and its personnel, including, but not limited to stenographic reporters engaged by the Court or engaged by the parties in connection with this matter.

    f. The authors and the original recipients of the documents.

    g. Any court reporter or videographer reporting a deposition in connection with this matter.

    h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this matter.

    i. Witnesses testifying at deposition or in Court in this matter.

    j. The U.S. Army Legal Services Agency, Contract and Fiscal Law Division, Procurement Fraud Branch.

8. Use by the receiving party of any information, documents, or portions of documents marked "Attorneys Eyes Only," including all information derived therefrom or contained therein, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by agreement among counsel for the parties, counsel for a subpoenaed party, or authorized by the Court:

    a. Counsel of record for the parties and their associated attorneys and administrative staff in the United States.

    b. The Court and its personnel, including, but not limited to stenographic reporters engaged by the Court or engaged by the parties in connection with this matter.

    c. Any court reporter or videographer reporting a deposition in connection with this matter.

9. If the receiving party receives a request from a domestic agency or foreign government for a document marked as "Attorneys Eyes Only," or "Protected" the receiving party shall consult with the producing party and attempt to agree in writing on the document's use. Absent agreement, the party seeking to disclose the information to a

     domestic agency or foreign government shall seek a Court order governing the use of the material.

10. All documents, testimony, written responses, or other materials produced by the parties and labeled "Protected" or "Attorneys Eyes Only" shall be used by the receiving party only in the above-captioned matter: *United States v. Sum of $70,990,605, et al.*, 12-cv-01905 (D.D.C.). If the receiving party would like to use documents, testimony, and other materials produced and labeled "Protected" or "Attorneys Eyes Only" for any other purpose, the parties shall consult, and attempt to agree, in writing, on the material's use. Absent agreement, the party seeking to use the information shall seek a Court order governing the use of the material.

11. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. This Protective Order also does not restrict use of documents or information with agencies (foreign or domestic), companies, or individuals who were or have been involved in originating, drafting, reviewing or signing a document. Should a dispute arise as to the source of specific information or documents, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation to demonstrate that the information or documents were lawfully obtained through means other than through discovery in this action.

12. If portions of documents or other materials deemed "Protected" or "Attorneys Eyes Only" or any papers containing or making reference to such materials are filed with the court, they shall be filed with a motion requesting that the materials be filed under seal and marked as follows or in substantially similar form:

    **PROTECTED**

    **IN ACCORDANCE WITH THE PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.**

    or

    **ATTORNEYS EYES ONLY**

**IN ACCORDANCE WITH THE PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.**

13. Materials marked "Protected" or "Attorneys Eyes Only" shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, or other materials filed in this matter, except when any portion(s) of such pleadings, motions, briefs or other materials have been filed under seal by counsel and marked in the same manner as described in paragraph 12 above.  Such sealed portion(s) of documents shall be opened only by the Court or by personnel authorized to do so by the Court.

14. Prior to being shown any documents produced by another party or deposition testimony marked "Protected," any person listed under 7(d) and 7(h) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit "A."  A copy of the executed agreement need not be disclosed to opposing counsel, but shall be retained by counsel disclosing the information designated "Protected" to such persons for a period of one year following the final resolution of this matter.

15. The parties shall confer and attempt to agree, before any hearing, on the procedures under which information designated as "Protected" or "Attorneys Eyes Only" may be introduced into evidence or otherwise used at such hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such information designated as "Protected" or "Attorneys Eyes Only" at any such hearing upon reasonable notice to all parties, including subpoenaed parties, who have produced such information.  To the extent that the information designated as "Protected" or "Attorneys Eyes Only" has been produced by a subpoenaed party, the parties shall provide that subpoenaed party with notice of potential use at any hearing of the designated information where reasonably practicable.

16. Within thirty days after receipt of the final transcript of any deposition of any party or witness in this case, a party or witness may designate as "Protected" or "Attorneys Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript or portion of a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner

described in paragraph 12 above. Unless otherwise agreed, all depositions shall be treated as "Protected" until the expiration of the thirty-day period.

17. Whenever information designated as "Protected" is to be discussed by a party or disclosed in a deposition, the designating party may exclude from the room any person, other than persons designated in paragraph 7 as appropriate, for that portion of the deposition. The failure of such other persons to comply with such requests at a deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

18. Any deposition testimony concerning information designated as "Protected" or "Attorneys Eyes Only" shall be marked by the court reporter as "Protected" or "Attorneys Eyes Only" on the deposition transcript.

19. Each party reserves the right to dispute the designation of "Protected" made by the other party or any subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated as "Protected," that party shall meet and confer with counsel for the designating party. If the parties are unable to resolve the matter informally, they shall litigate the dispute consistent with Rules 26 and 37 of the Federal Rules of Civil Procedure. A party who disagrees with another party's designation will nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

20. The inadvertent failure to designate a document, testimony, written response, or other material as "Protected" or "Attorneys Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Protected" or "Attorneys Eyes Only." The receiving party or its counsel shall not be held liable, however, for disclosure of such documents or materials if that party or counsel did not know, or should not reasonably have known, that a claim of confidentiality would be made by the producing party.

21. Designation by either party of information or documents as "Protected" or "Attorneys Eyes Only," or failure to so designate, will not constitute an admission that information or documents are not confidential. Neither party may introduce into evidence in any other proceeding between the parties the fact that the other party designated or failed to designate information or documents as "Protected" or "Attorneys Eyes Only."

22. Upon the request of the producing party or third party, within thirty days after the entry of a final judgment no longer subject to appeal on the merits of the case, or the execution of any agreement between the parties to settle this matter, the parties and any person authorized by this protective order to receive confidential information shall return to the producing party or destroy all information and documents subject to this Protective Order with the exception of the agreements described in paragraph 14.

23. Nothing in this Protective Order shall prevent or in any way limit or impair the right of any party to disclose to any agency or department of the United States, or any division of such agency or department, information designated as "Protected" relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such information by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated documents consistent with the terms of this Protective Order.

24. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request, assert any privilege or work-product protection, object to the admissibility of any document, testimony, or other information.  For any information redacted or withheld because it is privileged or subject to protection as trial-preparation material, the withholding party shall provide all parties a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

25. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of information designated as "Protected" or "Attorneys Eyes Only," or other modifications, subject to order by the Court.

26. The restrictions on disclosure and use of information designated as "Protected" or "Attorneys Eyes Only" shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purposes of enforcing the terms of this Protective Order.

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION


/s/ Elizabeth A. Aloi
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

*Attorneys for Plaintiff*
*UNITED STATES OF AMERICA*


NEEL, HOOPER & BANES, P.C.


/s/ Bryant S. Banes
Bryant S. Banes
D.C. Bar ID No. TX0109
Texas Bar No. 24035950
Federal ID No. 31149

Kelline R. Linton
Texas Bar No. 24085436
1800 West Loop South, Suite 1750
Houston, Texas  77027-3008
(713) 629-1800
(713) 629-1812 (Fax)
E-mail: bbanes@nhblaw.com

Of Counsel:
James Wallace Porter, III
D.C. Bar No. 999070
Bradley Arant Boult Cummings LLP
1615 L Street, NW

Washington, D.C. 20036
(202) 719-8232
(202) 719-8332 (Fax)
E-mail: jporter@babc.com

*Counsel for Claimants*


REED SMITH LLP


/s/ Pablo Quiñones
Pablo Quiñones (Admitted Pro Hac Vice)
599 Lexington Avenue
New York, New York 10022
Tel:  212-549-0279
Fax:  212-521-5450
E-mail:  pquinones@reedsmith.com

Kathleen A. Nandan (Admitted Pro Hac Vice)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Tel:  (412) 288-3076
Fax:  (412) 288-3063
E-mail:  knandan@reedsmith.com

Andrew C. Bernasconi (D.C. Bar No. 484614)
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
Tel:  (202) 414-9280
Fax:  (202) 414-9299
Email:  abernasconi@reedsmith.com

*Counsel for Afghanistan International Bank*


SO ORDERED_____


                              _____
                               RICHARD W. ROBERTS
                               Chief Judge