IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.:   1:12-cv-1905 (RWR) |
| | § | Judge:         Richard W. Roberts |
| THE SUM OF $70,990,605, *et al.*, | § | Date Filed:  June 27, 2014 |
| | § | |
| Defendants *in rem*. | § | |
| _____ | § | |

**CLAIMANTS' MOTION FOR ENTRY OF STIPULATED ORDER OR, ALTERNATIVELY, REQUEST FOR TELEPHONIC STATUS CONFERENCE**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Claimants (Hikmat Shadman Logistics Services, Hekmat Shadman General Trading, LLC, Faizy Elham Brothers, Ltd., Everest Faizy Logistics Services, Hikmatullah Shadman, Najibullah, and Rohullah), by and through their undersigned attorneys, and respectfully move this Court for either entry of the stipulated order that has been filed by the government in this case (Doc 91-1) or a telephonic status conference regarding what the Court may require to allow the parties to commence discovery. Claimant Afghanistan International Bank joins in this motion with respect to our request for telephonic status conference, if needed, and the government takes no position and stands on its prior filing.

On May 19, 2014, the government urged the Court to give effect to the stipulated protective order "to allow the parties to begin civil discovery in this matter" (Doc 91, p. 1). There is no dispute among the parties with respect to this stipulated order, and all parties have expressed a desire for discovery to commence. Consequently, Claimants respectfully request that the Court approve, sign, and enter the stipulated protective order (Doc 91-1). Alternatively,

if the Court does not wish to enter the stipulated order, Claimants respectfully request a status conference to discuss what the Court may require for the parties to begin discovery in this case.

Accordingly, Claimants respectfully request that the Court either enter the stipulated protective order or grant a telephonic status conference to discuss what the Court may require to allow the parties to commence discovery.

Respectfully submitted,

**NEEL, HOOPER & BANES, P.C.**

_____
Bryant S. Banes
D.C. Bar ID No. TX0109
Texas Bar No. 24035950
Federal ID No. 31149
Kelline R. Linton
Texas Bar No. 24085436
Federal ID No. 2127346
1800 West Loop South, Suite 1750
Houston, TX  77027-3008
Tel: (713) 629-1800
Fax: (713) 629-1812
E-mail: bbanes@nhblaw.com

Of Counsel:

James Wallace Porter, III
D.C. Bar No. 999070
Bradley Arant Boult Cummings LLP
1615 L Street, NW
Washington, D.C. 20036
Tel: (202) 719-8232
Fax: (202) 719-8332
E-mail: jporter@babc.com

*Counsel for Claimants*
*Hikmat Shadman Logistics Services,*
*Hekmat Shadman General Trading, LLC,*
*Faizy Elham Brothers, Ltd., Everest Faizy*
*Logistics Services, Hikmatullah Shadman,*
*Najibullah, and Rohulla*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of June, 2014, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      Jaikumar Ramaswamy, Chief
      Asset Forfeiture and Money
         Laundering Section
      Daniel H. Claman, Assistant Deputy Chief
      Elizabeth A. Aloi, Trial Attorney
      U.S. Department of Justice
      Criminal Division
      1400 New York Avenue, NW, 9th Floor
      Washington, DC 20530

      Andrew C. Bernasconi
      Pablo Quinones
      Reed Smith LLP
      1301 K Street, N.W.,
      Suite 1100 – East Tower
      Washington, D.C. 20005

_____
      Bryant S. Banes