**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-01905 (RWR) |
| | ) | |
| SUM OF $70,990,605, *ET AL.*, | ) | |
| | ) | |
| **Defendants *in rem*.** | ) | |
| _____ | ) | |

**UNITED STATES' REPLY IN FURTHER SUPPORT OF ITS MOTION
FOR AN EXTENSION OF TIME TO RESPOND AND TO STAY PROCEEDINGS
DURING PENDENCY OF MOTION FOR SUMMARY JUDGMENT**

On November 7, 2014, the United States of America requested a three-week extension to respond to the Motion for Summary Judgment (ECF No. 138) filed by the Shadman Claimants, and to stay all civil proceedings related to the Claimants until the Motion for Summary Judgment has been resolved.   The United States seeks this extension because of the complexity of the Shadman Claimants' dispositive Summary Judgment motion and their failure to include a "statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement," as required by this Court's scheduling order, and D.D.C. Local Civil Rule 7(h)(1).[1]

In their opposition brief, the Shadman Claimants oppose the United States' motion by accusing the United States of delaying all discovery. This is both illogical and unsupported by the facts. Here, the Shadman Claimants stipulated that discovery shall be limited at this time to

_____

[1] Although the motion fails to meet the requirements of Rule 56 which protracts the preparation of a response by the United States, and this Court could strike the motion on that ground, instead the United States is asking for additional time to prepare a response to the motion as filed.

matters that would not have an adverse affect on the related criminal investigation.  (ECF No. 94, p.1).  Because "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending" and because the Shadman Claimant's summary judgment motion, if successful, would fully resolve all of their claims," this Court should enter the United States' proposed Order, granting the extension of time and staying discovery while the motion is pending. *Chavous v. District of Columbia Financial Responsibility*, 201 F.R.D. 1, 2 (D.D.C. 2001).

## I.     ARGUMENT

The only legal authority offered by the Shadman Claimants as support for their opposition to the United States' motion is *United States of America v. Honeywell Intl*., 2013 WL 6405776 (D.D.C. Dec. 9, 2013), a case easily distinguished from this civil forfeiture action.[2]  In *Honeywell*, the government requested a stay during the pendency of cross-motions for summary judgment in related cases to which *Honeywell* was not even a party.  The Court declined the stay, reasoning that a stay was not appropriate because the pending summary judgment motions were not dispositive of all issues in the case and *Honeywell* would not be bound by the summary judgment motions in the related litigation.  In contrast, the Shadman Claimants' summary judgment motion, if successful, will fully resolve this litigation, making all discovery during the pendency of the Shadman Claimants' motion an inefficient use of this Court and the parties' resources.  Moreover, as discussed below, unlike the parties in *Honeywell*, the Shadman Claimants have already agreed that discovery should be limited at this time.

In their opposition brief, the Shadman Claimants conflate the instant motion with a motion to stay under 18 U.S.C. § 981(g).  On November 8, 2013, the United States moved for a

---

[2] The Shadman Claimants also cite a second case, which simply sets forth the applicable standards for a motion under Fed. R. Civ. P. 26(c).

stay pursuant to 18 U.S.C. § 981(g)(1) on the grounds that discovery would have an adverse effect on the related criminal investigation.  (ECF No. 56).  On April 18, 2014, the Court found that the civil forfeiture action and the criminal investigation were related and that the United States had demonstrated that some civil discovery might adversely affect the criminal investigation.  (ECF. No. 90).  The Court, however, denied the motion to stay and directed the parties to submit a proposed protective order, outlining discovery limitations that would protect the United States' interests in the related criminal investigation while still allowing the case to proceed.[3]  Specifically, the Court noted three issues on which discovery might proceed without implicating sensitive information that would interfere with the related criminal investigation: the applicability of international comity, the act of state doctrine, and the innocent owner defense. (ECF No. 90, page 12).

On July 7, 2014, the Court entered the parties' stipulated protective order (the "Protective Order"), which limited discovery to matters that would not adversely affect the related criminal investigation or compromise the status of a confidential informant for the United States.  (ECF No. 94).  Subsequently, the United States produced thousands of relevant documents to the Shadman Claimants, and on October 31, 2014, the Claimants moved for summary judgment on the basis that international comity and the act of state doctrine bar this forfeiture action.  Because the Shadman Claimants stipulated to limited discovery and already have all discovery necessary for their dispositive summary judgment motion, and because the government has further provided the Claimants with all discovery that falls within the scope of the Protective Order, any further discovery is premature at this time.

**III.   CONCLUSION**

---

[3] The Court also indicated that the United States could renew its motion to stay, if necessary. (ECF No. 90, p. 13).  This was reaffirmed in the resulting Protective Order, which states that both parties reserve the right to move for a stay under 18 U.S.C. § 981(g).

For these reasons, as well as those set forth in the United States' Motion, this Court should enter the proposed order extending the time the United States has to respond to the putative Claimants' summary judgment motion by three weeks, until December 8, 2014, and staying further civil proceedings in this matter during the pendency of the Claimants' dispositive summary judgment motion.

Respectfully submitted,

JAIKUMAR RAMASWAMY, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION


/s/ Elizabeth A. Aloi
DANIEL H. CLAMAN
Assistant Deputy Chief
ELIZABETH A. ALOI
ANN MARIE BLAYLOCK (No. 967825)
Trial Attorneys
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone:  (202) 514-1263

Attorneys for Plaintiff
UNITED STATES OF AMERICA