UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 12-1905-RDM-AK |
| SUM OF $70,990,605 et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the Government's Renewed Motion to Stay Pursuant to 18 U.S.C. § 981(g) (Dkt. 150).  Because the Court finds that certain limited litigation activities will not adversely affect the ongoing related criminal investigation, it will **DENY** the motion without prejudice.

In its Motion, the Government argues that it has already provided all relevant discovery material that would not have an adverse effect on the criminal investigation that is related to this matter and that further civil discovery would adversely affect the criminal investigation. Therefore, pursuant to 18 U.S.C. § 981(g), the Government requests a stay until May 1, 2015. Notwithstanding this request, the Government asserts that the Court may consider the Government's Motion to Strike the claim of Claimant Afghanistan International Bank ("AIB")

(Dkt. 93) and the Shadman Claimants' Motion for Summary Judgment (Dkt. 138).[1]  Dkt. 150 at 2 n.3.

Section 981(g) provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation . . . ." 18 U.S.C. § 981(g)(1). If the Government "satisf[ies] the court that civil discovery would adversely affect the criminal case," then "the court *must* grant the stay." *United States v. All Funds on Deposit in Suntrust Account Number 8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) (emphasis added). However, "the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." 18 U.S.C. § 981(g)(3).

Prior to the reassignment of this case, Chief Judge Roberts found that a criminal investigation exists that is related to this action. Dkt. 90 at 6. In its Motion, the Government represents that that criminal investigation is ongoing. *E.g.*, Dkt. 150 at 1, 2. However, the Court finds that certain limited litigation activities will not adversely affect the related criminal investigation even if they are undertaken before May 1, 2015. As noted above, the Government indicated in its Motion that the Court could rule on the pending Motion for Summary Judgment and Motion to Strike the Claim of AIB without adversely affecting the criminal investigation. Additionally, at the January 29, 2015 status conference, counsel for the United States represented that the Government has no objection to the Court resolving the preservation issues raised in the Shadman Claimants' Motion for Protective and Preservation Orders (Dkt. 29), or the discovery

---

[1] The "Shadman Claimants" are Hikmat Shadman Logistics Services Co., Hekmat Shadman General Trading, LLC, Faizy Elham Brothers, Ltd., Everest Faizy Logistics Services, Hikmatullah Shadman, Najibullah, and Rohullah. *See, e.g.*, Dkt. 163 at 1.

2

dispute between AIB and the United States related to the Motion to Strike, prior to May 1, 2015.[2] Consistent with the Government's representations and in the interest of expedient resolution of this litigation, the Court finds that it may address these issues without adversely affecting the ongoing criminal investigation.

The Court does not contemplate that any other activity will take place in this litigation prior to May 1, 2015.  Specifically, it notes that pursuant to the Court's August 21, 2014 Scheduling Order (Dkt. 119), all discovery permitted by the Stipulated Protective Order (Dkt. 94) closed on November 17, 2014.  That Scheduling Order and the Stipulated Protective Order remain in effect.  With the exception of possible limited discovery to be conducted by AIB, as noted above, no party may seek additional discovery unless and until this Court issues an order modifying the August 21, 2014 Scheduling Order.  Additionally, as ordered in this Court's January 29, 2015 Minute Order, no party may file a discovery motion unless the parties have first participated in a joint telephone conference with the Court and the Court has granted leave to file the motion.  Finally, because the Government's anticipated disclosure of previously withheld documents and potential amendment of the complaint will likely moot some or all of the disputes raised in the Shadman Claimants' Motion to Compel (Dkt. 141), the Court has determined in the interest of efficiency that that motion will not be considered until after May 1, 2015.

---

[2]     Magistrate Judge Kay issued an order ruling on the pending discovery motions related to this dispute on February 13, 2015.  *See* Dkt. 167.  Pursuant to Federal Rule of Civil Procedure 72, the parties have fourteen days from that date to file objections to Judge Kay's order.

At the January 29, 2015 status conference, counsel for the United States did note the possibility that complying with AIB's discovery requests could have an adverse effect on the related criminal investigation.  In the event the United States is unable to produce documents requested by AIB without adversely affecting the criminal investigation, the United States may withhold documents on that ground until May 1, 2015.  Any dispute regarding the Government's production of documents to AIB should be addressed in a manner consistent with the Court's January 29, 2015 minute orders.

Taken together, this Order, the Stipulated Protective Order, and the operative Scheduling Order significantly limit the activities that may take place in this litigation prior to May 1, 2015. Because these limited activities may be conducted without adversely affecting the related criminal investigation, the Government's Renewed Motion to Stay Pursuant to 18 U.S.C. § 981(g) is hereby **DENIED** without prejudice.  It is further **ORDERED** that the parties shall appear for a telephonic status conference on May 4, 2015, at 2:00 p.m.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 20, 2015