IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 1:12-cv-1905 (RDM) |
| | § | Judge: Randolph D. Moss |
| THE SUM OF $70,990,605, *et al.*, | § | Date Filed: September 26, 2018 |
| | § | |
| Defendants *in rem*. | § § | |

## PETITION TO ESTABLISH ATTORNEY'S CHARGING LIEN

NOW COMES the Petitioner, Neel, Hooper & Banes, P.C. ("NHB"), and pursuant to their Agreements for Legal Services, all applicable attorney fee lien statutes, rules, and case law, and the Court's September 26, 2018 Order granting NHB's intervention (ECF 322), states as follows:

(1) The Petitioners are attorneys at law admitted to practice before this court, and file this Petition to establish their charging lien for attorney fees and costs as set forth hereinafter.

(2) On or about July 16, 2013, Petitioner was retained and employed by the Shadman Claimants (Hikmat Shadman Logistics Services, Hekmat Shadman General Trading, LLC, Faizy Elham Brothers, Ltd., Everest Faizy Logistics Services, Hikmatullah Shadman, Najibullah, and Rohullah), pursuant to a written fee agreement to pursue recovery of their funds in the above-captioned civil forfeiture action and to serve as lead counsel for all other administrative and civil matters related to the Shadman Claimants in the United States. In exchange for reduced hourly fees and for deferral of fees in excess of agreed monthly fee caps, the Shadman Claimants agreed to a contingent fee on any sums recovered. An interim agreement reiterating these arrangements was executed on October 24, 2015. The current arrangements were memorialized and made

certain, again, in written agreements effective January 1, 2016 ("Agreements"). The Agreements also specifically authorized the engagement of local counsel and the reimbursement of expenses. The Shadman Claimants are not currently in compliance with the Agreements and have taken steps to repudiate both the ongoing fee and contingent fee arrangements.

(3) Pursuant to the above agreement, the Petitioner has litigated this case on behalf of the Shadman Claimants for a period in excess of four (4) years.

(4) From the date the Petitioner was authorized to proceed on behalf of the Shadman Claimants, and for over four (4) years thereafter, Petitioner and its local counsel have actively and diligently applied themselves to the investigation, preparation, and pursuit of the Shadman Claimants claims and defenses in all fora, and have taken all steps necessary to protect the interests of the Shadman Claimants, including numerous witness interviews, obtaining affidavits, conducting a substantial investigation, and travelling to Afghanistan, Dubai, and various states to obtain relevant documents and analyzing same, analyzing hundreds of thousands of pages of documents received from the government, taking multiple rounds of depositions and discovery, successfully fighting off numerous motions to stay, vigorous motions practice (including contentious motions to compel), retaining and preparing experts and consultants, developing and facilitating liability and damages models, attending and conducting numerous court and administrative hearing appearances, condensing pertinent evidence and drafting and sending detailed letters to the government supporting settlement, and engaging in settlement talks in the summer of 2017 designed to ultimately achieve a reasonable final settlement offer on behalf of the Shadman Claimants.

(5) The Petitioner and local counsel have expended thousands of hours in their representation of the Shadman Claimants' interests, and incurred substantial fees, much of which has been deferred pending resolution as set forth in the attached statement (Exhibit A), and those

hours were reasonably and necessarily expended in pursuit of those claims.  Petitioner and its local counsel have also incurred reasonable and necessary expenses in pursuit of Plaintiff's claims, as set forth in the attached statement (Exhibit A).

(6) Petitioners were participating in settlement talks and providing necessary support for same up through July 26, 2017.  At that time, Petitioner and its local counsel were excluded from settlement talks (although NHB continued to assist).  On August 25, 2017, NHB provided notice that the Shadman Claimants were in breach of the Agreements, and notified them, again, that if NHB had to withdraw, all deferred attorneys' fees would be immediately owed.  The Shadman Claimants did not respond, so on August 31, 2017, Petitioner filed in this Court and sent all counsel of record notice of its charging lien (ECF 293).

(7) Pursuant to the Agreements, Petitioner was granted an irrevocable charging lien, in an amount equal to either the attorneys' fees and expenses, payable to Petitioner under the Agreement, or ten percent (10%) "on any sums recovered" by the Shadman Claimants, whichever is greater.  This sum was directly assigned to Petitioner with specific authority to "obtain any sums claimed directly from the government or other parties."

(8) Pursuant to the August 11, 2017 Joint Status Report filed by the Shadman Claimants and Plaintiff, United States, the parties reported that they were "engaged in potential settlement discussions" (ECF 291).  In response to this, the Court set the next status conference for September 19, 2017.  At the September 19, 2017 conference, Plaintiff and counsel for the Shadman Claimants reiterated that they were in settlement discussions.  After this, the Court entered an order requiring the parties to file a Joint Status Report by October 24, 2017 on such efforts.  The Court has periodically requested status reports since that time.  The most recent Joint Status Report, filed August 1, 2018, stated that "[t]he United States and the Shadman Claimants have had numerous settlement discussions and have nearly reached an agreement"

(ECF 321).

(9) Petitioner and local counsel withdrew from the case due to the Shadman Claimant's breach and nonpayment on September 21, 2017 (ECF 294 & 295). Pursuant to the Agreements, if Petitioner withdraws or otherwise leaves the case, all attorneys' fees and expenses deferred are immediately due and owing. The total fees currently owed are $579,447.70, and the sum due upon settlement or judgment is ten percent (10%) of "any sums recovered."

(10) The Agreements also contain a "bank assignment" that allows Petitioner to claim the Shadman Claimants funds wherever they are, even after withdrawal. As conceded by attorneys at FH+H, also counsel in this action, the Shadman Claimants have provided them with a "substantial retainer."

(11) The Petitioners claim the right to have a lien for attorneys' fees and expenses established and enforced upon any sums derived from any settlement or judgment obtained, or to be obtained, by the Shadman Claimants in this action or any monies held by third parties.

WHEREFORE, the Petitioner prays:

(1) That its attorney's charging lien be determined;

(2) That the amount of the lien be established;

(3) That the Court order that the Petitioner be entitled to enforce their attorney's charging lien against the proceeds to be derived from any settlement or judgment in this action or any other bank account within the jurisdiction of this Court;

(4) That the Defendant, United States, FH+H, and the Shadman Claimants be prohibited from paying to the Shadman Claimants, or themselves, any sums of money until Petitioner's charging lien has been satisfied;

(5) That this Court retain jurisdiction over the issue of Petitioner's attorney Lien, the Parties, and their Counsel;

(6)     For such other and further relief as this Court deems just.

                                      Respectfully submitted,

                                      **NEEL, HOOPER & BANES, P.C.**

                                      _____

Bryant S. Banes
D.C. Bar ID No. TX0109
Texas Bar No. 24035950
Federal ID No. 31149
1800 West Loop South, Suite 1750
Houston, TX  77027-3008
Tel: (713) 629-1800
Fax: (713) 629-1812
E-mail: bbanes@nhblaw.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2018, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

M. Kendall Day, Chief
Asset Forfeiture and Money
    Laundering Section
Daniel H. Claman, Assistant Deputy Chief
Elizabeth A. Aloi, Trial Attorney
Stephen Parker, Trial Attorney
Patricia Sulzbach, Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Avenue, NW, 9th Floor
Washington, DC 20530

Andrew C. Bernasconi
Paul M. Alfieri
Reed Smith LLP
1301 K Street, N.W.,
Suite 1100 – East Tower
Washington, DC 20005

Thomas M. Craig
Milton C. Johns
FH+H, PLLC
1751 Pinnacle Dr., Ste. 1000
Tysons, VA  22102

James Wallace Porter, III
Bradley Arant Boult Cummings LLP
1615 L Street, NW
Washington, DC 20036

_____
Bryant S. Banes

# EXHIBIT A

Professional Hours Expended on Behalf of Client,
**The Shadman Claimants**

| Attorneys | Attorney Hours | Non-Attorney Hours |
|---|---|---|
| Neel, Hooper & Banes, P.C. | 5246.9 | 88.9 |
| Bradley Arant Boult & Cummings | 681.4 | 25.2 |

Total estimated expenses for Petitioner expended on behalf of client: $105,000.00.